IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-461-GMS |
| ALICE'S HOME, WILLIAM WEDD AND ALICE WEDD, | ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF WILLIAM E. WEDD**

MORRIS, NICHOLS, ARSHT & TUNNELL
S. Mark Hurd (#3297)
Jerry C. Harris (#4262)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Defendants

OF COUNSEL:

James P. Connors
Law Offices of James P. Connors
221 South High Street
Columbus, OH 43215

September 9, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Childcraft Education Corp.,**          :
                                          :
      **Plaintiff,**                 :        Case No: 05-461
                                          :
vs.                                       :        Judge Gregory M. Sleet
                                          :
**Alice's Home,** *et al.,*               :
                                          :
      **Defendants.**                :

## AFFIDAVIT OF WILLIAM E. WEDD

AFFIANT, William E. Wedd, after having first been duly sworn, states as follows:

1. I am a plaintiff in the above-captioned action, have personal knowledge and am competent to testify regarding the matters set forth herein.

2. I have lived and worked in Ohio my entire life. I graduated from the University of Akron in 1970. I was a teacher in adult education for Akron City Schools. I sold educational products to schools in Ohio for 14 years for J.R. Holcomb Co., an Ohio company.

3. Alice's Home was founded in 1992 by Alice Wedd and myself for the purposes of designing, manufacturing, and marketing Alice's early childhood product designs and early literacy products.

4. In May 1996, Alice asked if she could approach Childcraft with an early childhood product, the Toothbrush House, to see if they would be interested in it. I agreed that this was acceptable to Alice's Home.

5. Alice told me that she called Dick Gyde, then president of Childcraft, and asked whether Childcraft would be interested in Alice's Home products for its catalog.

6. Ginger Murphy of Childcraft wanted to see the Extra Wide Language Easel when she heard we manufactured and sold such a product.

7. I had two sample easels manufactured for Childcraft to review in a presentation by Alice Wedd. The A116 and the A117 were manufactured and shipped to Lancaster PA for the presentation. Childcraft wanted an exclusive product, so we added a shelf to the bottom of our A104 easel to make the A116 easel an exclusive product for Childcraft.

8. Childcraft accepted the A116 easel for their 1997 school catalog subject to an exclusivity agreement which it prepared and submitted for Alice's Home signature, a copy of which is attached to Alice's affidavit dated August 29, 2005.

9.  I signed the exclusivity agreement provided by Childcraft which gave it an exclusive product, the A116 Extra Wide Language Easel with a magnetic dry erase board on one side, a magnetic chalkboard on the other side, and a shelf on the bottom.

10. I submitted catalog copy for the easel to Childcraft at its request.

11. I ordered production of A116 easels to fill a purchase order from Childcraft.

12. The name "Extra Wide Language Easel" was created by Alice Wedd. The descriptive nature of the name helps distinguish it from other education easels like paint easels and flip chart easels.

13. I took the phrase "allows the teacher to write a sentence that looks like a sentence instead of a column of words" directly from Alice's Home literature and catalogs. We have been using that phrase since January 1992.

14. I provided a sales features/benefits card for each sales person in Childcraft. It is my understanding that Alice Wedd distributed these to the Childcraft Sales representatives in October 1996 at the Childcraft national sales meeting.

15. At the same time, I had Alice give each sales representative another Alice's Home product, the magnetic dry erase lapboard. The purpose of this was to allow the sales reps to take in to their customers a sample of the quality writing surface on their new easel. These porcelain/steel boards were not generally available on easels until Alice's Home began manufacturing, and I wanted the sales representatives to have a tool they could use to demonstrate the quality of the A116 easel.

16. Alice's Home provided Childcraft sales representatives Mark Pitstick and Mitch Bonder with an A116 Easel, free of charge, so they could demonstrate its use to their customers in Georgia and New York respectively.

17. Alice Wedd did not work for Alice's Home during the years she was an employee of Childcraft Education Corporation. She did not work for Alice's Home in May 2003 as Childcraft has asserted.

18. Alice's Home paid for its own telephone line and fax line. Childcraft used Alice's Home fax line and machine from 1995 until May 2003. Some of these faxes were reimbursed by Childcraft. When she remembered to submit charges for repayment, the amounts reimbursed per month were minimal -- between one and three dollars. Childcraft was aware that it was using Alice's Home fax line. The fax number appeared as Alice's Home's fax on the original license agreement prepared by Childcraft.

19. Alice Wedd and Ginger Murphy negotiated a license agreement between Childcraft and Alice's Home which was dated April 1, 1998. I was not involved in the negotiations. Because Alice and Ginger knew each other, I believed I could trust them.

20. I never received any customer lists or proprietary pricing information from Alice Wedd

concerning Childcraft's business. That would be unethical. I would have no use for them anyhow. Most of my marketing is done at exhibits across the country. 90% of these exhibits are Reading Recovery-oriented. The few mailings I have done are from Alice's Home customer lists and lists purchased from Market Data Retrieval. My only contact with customers is at exhibits and responding to inquiries from customers. I make no calls soliciting business. The only access to pricing information I have had from Childcraft is in the form of catalogs that we had in the garage when Alice worked for them. This is public information. Anyone can pick up a copy of its catalog, just as anyone can pick up a copy of my catalog. It is my understanding that people from Childcraft have picked up copies of my catalog. I have no problem with that. It is public information. Alice tells me she had no access to proprietary pricing information, anyway. She had no access to cost figures, for example, and I wouldn't have any use for it in any case. These assertions from Childcraft that I had access to customer lists and proprietary pricing information are simply wrong.

21. There is no connection between me, Alice, or Alice's Home, and the State of Delaware. We do not conduct business with the State of Delaware or a Delaware company, nor derive revenue, as far as I am aware, from Delaware or a company within Delaware.

22. It would be extremely difficult if not impossible for me to litigate Alice's Home's claims in Delaware. I am estranged from my wife Alice who is in the process of searching for employment and has moved to Akron, Ohio. I am financially strapped and am close to being insolvent at this time. I cannot afford to litigate Alice's Home's claims in Delaware.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
William E. Wedd

STATE OF OHIO        )
                     )ss
COUNTY OF SUMMIT     )

The foregoing instrument was subscribed, sworn to and acknowledged before me this 9th day of September, 2005, by William E. Wedd.

_____
Notary Public

My Commission: JAMES P. COSANOBS, Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03 O.R.C.

Page 3 of 3

CERTIFICATE OF SERVICE

I, S. Mark Hurd, hereby certify that on September 9th, 2005, I electronically filed AFFIDAVIT OF WILLIAM E. WEDD, which will send notification of such filing(s) to the following:

>Allen M. Terrell, Jr., Esq.
>Kelly E. Farnan, Esq.
>RICHARDS, LAYTON & FINGER
>One Rodney Square
>Wilmington, DE 19899

_____
S. Mark Hurd (#3297)