IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-461-GMS |
| v. | ) ) | |
| ALICE'S HOME, et al., | ) ) ) | |
| Defendants | ) | **JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT

Plaintiff Childcraft Education Corporation ("Childcraft") for its Amended Complaint against Defendants Alice's Home and William Wedd alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Childcraft is a New York corporation with its principal place of business at 2920 Old Tree Drive, Lancaster, Pennsylvania 17603.

2. Upon information and belief, Alice's Home is an unincorporated sole proprietorship owned and operated by William Wedd and located at 2784 Shady Ridge Drive, Columbus, Ohio 43231.

3. William Wedd is the owner and sole proprietor of Alice's Home, and he resides at 2784 Shady Ridge Drive, Columbus, Ohio 43231. Because a sole proprietorship does not exist as a legal entity separate from its owner, Defendant William Wedd is personally liable for the conduct of Alice's Home.

4. This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Jurisdiction and venue are appropriate because the claims asserted herein arise out of, are in connection with and/or are with respect to the License Agreement between Plaintiff and Defendant Alice's Home/William Wedd, attached hereto as Exhibit A, and/or the subject matter of the License Agreement, and Defendants are subject to and expressly consented to jurisdiction and venue in this Court by agreeing to a forum selection clause in the License Agreement, which states, in relevant part at numbered paragraph 16:

> 16. <u>Governing Law</u>. This Agreement shall be governed by and construed, interpreted and enforced in accordance with the laws of Delaware. Any disputes arising out of, in connection with or with respect to this Agreement, the subject matter hereof, the performance or non-performance of any obligation hereunder, or any of the transactions contemplated hereby shall be adjudicated in a court of competent civil jurisdiction sitting in the City of Wilmington, Delaware and nowhere else. Each of the parties hereto hereby irrevocably submits to the jurisdiction of such court for the purposes of any suit, civil action or other proceeding arising out of, in connection with or with respect to this Agreement, the performance or non-performance of any obligation hereunder, or any of the transactions contemplated hereby[.]

## FACTUAL BACKGROUND

6. Childcraft develops, manufactures and sells furniture, teaching aids, and other school supplies.

7. Upon information and belief, Alice's Home/William Wedd develops, manufactures and sells school supplies.

8. Alice's Home/William Wedd and Childcraft are competitors.

9. Alice Wedd is William Wedd's spouse, and she worked for Childcraft as a sales representative from approximately 1995 through May 2003, first as an independent contractor. Ms. Wedd became an employee in or about October 1997. As a sales representative, Ms. Wedd had access to and did access Childcraft's trade secrets, including customer lists and pricing information.

RLF1-2931182-1

10. In April 1998, Alice's Home/William Wedd and Childcraft entered into a License Agreement, attached hereto as Exhibit A. The License Agreement granted to Childcraft an "exclusive license" to market, offer for sale, sell and manufacture the Extra Wide Language Easel, Model A116 (hereinafter referred to simply as the "Extra Wide Language Easel"), which was depicted in exhibit A to the License Agreement.

11. The License Agreement was signed by William Wedd on behalf of Alice's Home.

12. Childcraft has performed all of its obligations under the License Agreement.

13. In or about May 2003, Childcraft learned that Alice's Home/William Wedd were marketing, offering for sale, selling and manufacturing the Extra Wide Language Easel in violation of Childcraft's exclusive license granted by the License Agreement.

14. Upon information and belief, Ms. Wedd disclosed Childcraft's trade secrets to Alice's Home/William Wedd, without Childcraft's express or implied consent, despite the fact that she knew or had reason to know, at the time she disclosed the trade secrets, that her knowledge of the trade secrets had been acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use.

15. Upon information and belief, Alice's Home/William Wedd acquired Childcraft's trade secrets despite the fact that it knew or had reason to know that the trade secrets were acquired by improper means.

16. Upon information and belief, Alice's Home/William Wedd used Childcraft's trade secrets for its own benefit, without Childcraft's express or implied consent, despite the fact that Alice's Home/William Wedd knew or had reason to know, at the time it used the trade secrets, that its knowledge of the trade secrets were derived from or through a person, Alice Wedd, who owed a duty to Childcraft to maintain the trade secrets' secrecy or limit their use.

RLF1-2931182-1

## COUNT ONE
### (Breach of Contract)

17. Childcraft re-asserts the allegations of paragraphs 1 through 16 as if fully rewritten herein.

18. Alice's Home/William Wedd breached the License Agreement by marketing, offering for sale, selling and manufacturing the Extra Wide Language Easel, Model A116.

19. Because a sole proprietorship does not exist as a legal entity separate from its owner, Defendant William Wedd is personally liable for the obligations contained in the License Agreement, and he likewise is liable for breaching the License Agreement.

20. As a direct and proximate result of Defendants' breach, Childcraft has sustained damages in the form of, among other things, lost profits in excess of $75,000.00 and in an amount to be proved at trial.

## COUNT TWO
### (Misappropriation of Trade Secrets)

21. Childcraft re-asserts the allegations of paragraphs 1 through 20 as if fully rewritten herein.

22. Childcraft took reasonable efforts to maintain the secrecy of its trade secrets, including its customer lists and pricing information, which derived independent economic value from not being generally known to, and not being readily accessible by proper means by, other persons who could obtain economic value from their disclosure or use. Therefore, such information constitutes trade secrets within the meaning of Delaware's Uniform Trade Secrets Act, 6 *Del. C.* § 2001, *et seq.*

23. Upon information and belief, and as further described in paragraphs 14 through 16, above, Defendants have misappropriated Childcraft's trade secrets in violation of Delaware's Uniform Trade Secrets Act, 6 *Del. C.* § 2001, *et seq.*

RLF1-2931182-1

24.  Defendants' misappropriation of Childcraft's trade secrets was willful and malicious.

25.  Defendants were unjustly enriched and personally benefitted from the misappropriation of Childcraft's trade secrets.

26.  As a direct and proximate result of Defendants' unlawful conduct, Childcraft has sustained compensatory damages in excess of $75,000.00.

27.  Because Defendants' misappropriation of Childcraft's trade secrets was willful and malicious, Childcraft is entitled to exemplary damages in an amount not exceeding twice any award of compensatory damages.

## COUNT THREE
### (Unjust Enrichment)

28.  Childcraft restates and incorporates the allegations contained in paragraphs 1 through 27 as if fully rewritten here.

29.  As a result of Defendants' wrongful actions, they have been unjustly enriched at the expense of Childcraft.

30.  It would be unlawful and unjust for Defendants to retain the benefits of their wrongful actions.

WHEREFORE, Childcraft prays that the Court enter judgment for it on its Complaint against Alice's Home and William Wedd that it award to Childcraft all its compensatory damages and all other relief, both legal and equitable, to which it may be entitled and as the Court deems appropriate, including, without limitation, costs, pre- and post-judgment interest, attorneys' fees and exemplary damages to the extent permitted by law.

## JURY DEMAND

A trial by jury is hereby demanded for all issues triable by jury.

RLF1-2931182-1

OF COUNSEL:

Mark S. Floyd
Christopher R. Johnson
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel: (216) 566-5500

Dated: October 6, 2005

*/s/ Kelly E. Farnan*
Allen M. Terrell, Jr. (#709)
(terrell@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)
Richards, Layton & Finger
One Rodney Square
920 King Street
P.O. Box 551
Wilmington, DE 19899

Attorneys for Plaintiff
Childcraft Education Corporation

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2005, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> S. Mark Hurd, Esquire
> Samuel T. Hirzel, II, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, Delaware 19899-1347

I hereby certify that on October 6, 2005, I have sent by Federal Express the foregoing document to the following non-registered participants:

> James P. Connors, Esquire
> Law Offices of James P. Connors
> 221 South High Street
> Columbus, Ohio 43215

*Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@rlf.com

RLF1-2931446-1