IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) ) | |
| | ) | Civil Action No. 05-461-GMS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ALICE'S HOME, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY**

Allen M. Terrell, Jr. (#709)
(terrell@rlf.com)
Kelly E. Farnan  (#4395)
(farnan@rlf.com)
Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
P.O. Box 551
Wilmington, DE  19899
Attorneys for Plaintiff
Childcraft Education Corporation

OF COUNSEL:
Mark S. Floyd
Christopher R. Johnson
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel:  (216) 566-5500

Dated:   November 4, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. iii

NATURE AND STAGE OF THE PROCEEDING ................................................................ 1

SUMMARY OF ARGUMENT ............................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

I.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED GIVEN THAT
      THE DEFENDANTS HAVE WAIVED ANY OBJECTION TO PERSONAL
      JURISDICTION/VENUE AND HAVE CONSENTED TO JURISDICTION IN
      DELAWARE PURSUANT TO THE LICENSE AGREEMENT'S VALID
      FORUM SELECTION CLAUSE. ................................................................................. 4

      A.    Standard of Review. ............................................................................................. 5

      B.    The Forum Selection Clause is Reasonable and Should be Enforced. ............... 5

            1.    There is no evidence of fraud or overreaching. ......................................... 8

            2.    The forum selection clause does not violate Delaware policy. ............... 10

            3.    The forum selection clause will not result in a serious
                  inconvenience to the Defendants. ........................................................... 10

      C.    Defendants' Objections to Personal Jurisdiction and Venue Have Been
            Waived. .............................................................................................................. 12

            1.    Personal jurisdiction is proper as Defendants have waived and
                  consented to jurisdiction in Delaware. ................................................... 12

            2.    Venue is proper as Defendants have waived and consented to venue
                  in Delaware. ............................................................................................. 13

II.   MS. WEDD IS NOT A NECESSARY PARTY TO THIS LITIGATION, AND
      THEREFORE IS NOT REQUIRED TO BE JOINED UNDER RULE 19.
      ALTERNATIVELY, EVEN IF MS. WEDD IS A NECESSARY PARTY, SHE
      IS NOT INDISPENSABLE TO THE ACTION. ....................................................... 13

      A.    Ms. Wedd is Not a Necessary Party to This Case. ............................................ 14

B.  Alternatively, Even if Ms. Wedd is a Necessary Party, Defendants Have Failed to Prove that She is Indispensable to the Action..............16

III.  PLAINTIFF'S COMPLAINT STATES A CLAIM UPON WHICH RELIEF SHOULD BE GRANTED...........................................17

A.  Standard of Review.................................................17

B.  Defendants' Motion to Dismiss Fails Because All Claims Stated in the Complaint Arise Out of the License Agreement and Sufficiently State a Claim Upon Which Relief can be Granted.............................18

C.  Plaintiff Has Sufficiently Pleaded its Claims under the Federal Notice Pleading Requirement...............................................19

D.  The Unjust Enrichment Claim is as an Alternative Action and is Not Superseded by the Misappropriation of Trade Secrets Claim.............20

IV.  THIS COURT SHOULD NOT ABSTAIN FROM HEARING THIS MATTER GIVEN THAT THERE ARE NO EXCEPTIONAL CIRCUMSTANCES PRESENT AND THE FEDERAL AND STATE ACTIONS ARE SUFFICIENTLY DISTINCT.......................................21

A.  The State and Federal Actions are not Parallel.......................22

B.  There are no Exceptional Circumstances Present to Justify a Stay.........23

CONCLUSION.............................................................26

# TABLE OF AUTHORITIES

*Acierno v. Preit-Rubin, Inc.,*
    199 F.R.D. 157 (D. Del. 2001) .................................................................. 16

*Angst v. Royal Maccabees Life Insurance Co.,*
    77 F.3d 701 (3d Cir. 1996) .............................................................. 16, 17

*Argos v. Orthotec LLC,*
    304 F. Supp. 2d 591 (D. Del. 2004) ........................................................ 18

*BABN Technologies Corp v. Bruno,*
    25 F. Supp. 2d 593 (E.D. Pa. 1998) .......................................................... 9

*Barbuto v. Medicine Shoppe International, Inc.,*
    166 F. Supp. 2d 341 (D. Pa. 2001) ................................................... 8, 9, 11

*Burger King Corp v. Rudzewicz,*
    471 U.S. 462 (1985) .................................................................... 7, 12

*Carnival Cruise Lines, Inc. v. Shute,*
    499 U.S. 585 (1991) .................................................................... 9, 12

*CC Investors Corp v. Raytheon Co.,*
    219 F.R.D. 328 (D. Del. 2003) ............................................................... 5

*Chrysler Capital Corp v. Woehling,*
    663 F. Supp. 478 (D. Del. 1987) ............................................................. 4

*Coastal Steel Corp v. Tilghman Wheelabrator, Ltd.,*
    709 F.2d 190 (3d Cir. 1983) ................................................................. 6

*Colorado River Water Conservation District v. U.S.,*
    424 U.S. 800 (1976) ................................................................... 21, 22

*Coregis Insurance Co. v. Wheeler,*
    180 F.R.D. 280 (E.D. Pa. 1998) ......................................................... 14, 23

*Dentsply Intern, Inc. v. Benton,*
    965 F. Supp. 574 (M.D. Pa. 1997) ........................................................... 9

*In re Diaz Contracting, Inc.,*
    817 F.2d 1047 (3d Cir. 1987) ............................................................... 10

*Enzo Life Sciences, Inc. v. Digene Corp.,*
    295 F. Supp. 2d 424 (D. Del. 2003) ........................................................ 19

iii

*Evancho v. Fisher*,
  423 F.3d 347 (3d Cir. 2005).................................................................................................20

*Fleming & Hall, Ltd v. Cope*,
  30 F. Supp. 2d 459 (D. Del. 1998)..........................................................................................6

*Foster v. Chesapeake Insurance Co.*,
  933 F.2d 1207 (3d Cir. 1991)...............................................................................................6,9

*General Engineering Corp. v. Martin Marietta Alumina, Inc.*,
  783 F.2d 352 (3d Cir. 1986)...................................................................................................5

*Hays & Co. v. Merrill Lynch*,
  885 F.2d 1149 (3d Cir. 1989)..................................................................................................6

*Heft v. AAI Corp.*,
  355 F. Supp. 2d 757 (M.D. Pa. 2005).....................................................................................5

*Highlands Insurance Group, Inc. v. Halliburton Co.*,
  852 A.2d 1 (Del. Ch. 2003)...................................................................................................20

*Hornberger Management Co. v. Haws & Tingle General Contractors, Inc.*,
  768 A.2d 983 (Del. Super. 2000).....................................................................................6, 9, 10

*Kelly v. Education Township*,
  377 F. Supp. 2d 478 (D. N.J. 2005).......................................................................................18

*Koppers Co. v. The Aetna Casualty & Surety Co.*,
  158 F.3d 170 (3d Cir. 1998)..................................................................................................14

*Lexington Investment Co. v. Southwest Stainless, Inc.*,
  697 F. Supp. 139 (S.D.N.Y. 1988).........................................................................................11

*Moore v. Little Giant Industrial, Inc.*,
  513 F. Supp. 1043 (D. Del. 1981)..........................................................................................18

*Myers v. American Dental Association*,
  695 F.2d 716 (3d Cir. 1982)...................................................................................................5

*Outokumpu Engineering Enterprise, Inc., v. Kvaerner Enviropower, Inc.*,
  685 A.2d 724 (Del. Super. Ct. 1996).....................................................................................10

*Park Inn International, L.L.C. v. Mody Enterprise, Inc.*,
  105 F. Supp. 2d 370 (D. N.J. 2000)...........................................................................5, 8, 9, 11, 13

*Pinker v. Roche Holdings Ltd*,
   292 F.3d, 361 (3d Cir. 2002) ............................................................................5

*Preferred Capital, Inc. v. Sarasoto Kennel Club*,
   2005 WL 1799900 (N.D. Ohio July 27, 2005) ...................................................6

*Resource Ventures, Inc. v. Resources Management*,
   42 F. Supp. 2d 423 (D. Del. 1999) ............................................................11, 12

*Ryan v. Johnson*,
   115 F.3d 193 (3d Cir. 1997) ...................................................................22, 24

*Sanitec Industrial v. Sanitec Worldwide, Ltd*,
   376 F. Supp. 2d 575 (D. Del. 2005) .............................................22, 23, 24, 25

*Savor, Inc. v. FMR Corp*,
   812 A.2d 894 (Del. 2002) ...........................................................................21

*Schock v. Nash*,
   732 A.2d 217 (Del. 1999) ...........................................................................20

*Stewart Organization, Inc. v. Ricoh Corp*,
   487 U.S. 22 (1988) ......................................................................................6

*Swierkiewicz v. Sorema*,
   534 U.S. 506 (2002) ...................................................................................19

*The Bremen v. Zapata Off-Shore Co*,
   407 U.S. 1 (1972) .....................................................................................6, 7

*Trent v. Dial Medical of Florida, Inc.*,
   33 F.3d 217 (3d Cir. 1994) ..........................................................................22

## MISCELLANEOUS

28 U.S.C. § 1406(b) ........................................................................................13

6 Del. C. § 2001 .............................................................................................21

Fed. R. Civ. P. 19 ..........................................................................................13

Fed. R. Civ. P. 19(a) ......................................................................................14

Fed. R. Civ. P. 19(b) ......................................................................................16

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Childcraft Education Corp. ("Childcraft"), sued Defendants Alice's Home, William Wedd, and Alice Wedd in this Court on July 1, 2005.[1] On September 9, 2005, Defendants filed a Motion to Dismiss, or in the alternative, to stay this action. (D.I. 15). Childcraft then voluntarily dismissed Alice Wedd, and only Alice Wedd, without prejudice on September 28, 2005 (D.I. 20) and filed an amended complaint on October 6, 2005 (D.I. 21), alleging that Alice's Home/William Wedd breached the License Agreement between the parties, misappropriated trade secrets, and was unjustly enriched. On October 21, 2005, in response to the Amended Complaint, Defendants filed another motion to dismiss. (D.I. 24).

## SUMMARY OF ARGUMENT

1.    The forum selection clause in the parties' agreement is reasonable, and therefore enforceable. There is no evidence of fraud or overreaching, the clause does not violate any Delaware policy, and it is does not present any serious inconvenience so as to be unenforceable. Furthermore, the forum selection clause precludes the Defendants from even raising personal jurisdiction and venue objections as these defenses have been waived by the parties' agreement. Also, since Alice's Home/Mr. Wedd gave express consent to personal jurisdiction and venue in Delaware pursuant to the forum selection clause, their consent obviates the need for minimum contacts analysis. Therefore, this Court has personal jurisdiction, and venue is proper.

---

[1]    Alice's Home and Alice Wedd also sued Childcraft and James Green, an employee of Childcraft, in the Court of Common Pleas, in Franklin County, Ohio. They have alleged numerous meritless claims, including misappropriation of trade secrets, unfair competition, wrongful discharge/breach of contract, slander, and unjust enrichment.

2.    Ms. Wedd is not a necessary party to this litigation under Fed. R. Civ. P. 19(a). Complete relief can be granted to all parties in her absence, and she is able to protect her interests without being a party to this case. Since Ms. Wedd is not a necessary party, there is no need to complete a Rule 19(b) analysis to determine if she is indispensable. Alternatively, even if Ms. Wedd is a necessary party, she is not indispensable to this action and this action may proceed without her.

3.    Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) fails because Childcraft has sufficiently stated all facts necessary to state a claim upon which relief can be granted. First, Childcraft's claims of unjust enrichment and misappropriation of trade secrets arise out of the License Agreement. Therefore, these claims may be brought in connection with the breach of contract claim. Second, the breach of contract claim is sufficiently pleaded under Fed. R. Civ. P 8(a)'s liberal notice pleading requirement. Third, the unjust enrichment claim is an alternative theory of recovery and is based on Defendants' wrongful conduct arising independently from the misappropriation of trade secrets claim.

4.    This Court should not abstain from hearing this case as there are no extraordinary circumstances present, and the federal and state actions are substantially different.

## STATEMENT OF FACTS

Childcraft is a New York corporation with its principal place of business in Pennsylvania. Amended Complaint ¶1. (D.I. 21). Alice's Home is an unincorporated sole proprietorship owned and operated by William E. Wedd and located in Columbus, Ohio. *Id* ¶2. Mr. Wedd is the owner and sole proprietor of Alice's Home. *Id* ¶3.

2

In 1998, Childcraft and Alice's Home/Mr. Wedd entered into a License Agreement. *Id.* ¶10. Mr. Wedd signed the license agreement on behalf of Alice's Home. *Id.* ¶11. According to Mr. Wedd, however, he was not involved in the negotiations and instead claims that his estranged wife, Alice Wedd, and Ginger Murphy of Childcraft negotiated the license agreement. Affidavit of Mr. Wedd (D.I. 17) ¶¶19, 22. Regardless of Mr. Wedd's involvement in the negotiations, however, he is bound to the contract because he is the sole proprietor of Alice's Home, which does not have a legal status separate from Mr. Wedd.

The 1998 License Agreement granted to Childcraft an "**exclusive** license…to market, offer for sale, sell and manufacture" Model A116 of the "Extra Wide Language Easel," and "to use the Trademark in connection with the marketing and sale of the Product." Amended Complaint ¶10; License Agreement ¶2 (D.I. 21 at Exhibit A). Childcraft has since performed all of its obligations under the License Agreement. Amended Complaint ¶12. (D.I. 21).

Childcraft brought this action in Delaware pursuant to the forum selection clause in the License Agreement, which states the following:

> 16.    Governing Law.  This Agreement shall be governed by and construed, interpreted and enforced in accordance with the laws of Delaware. Any disputes arising out of, in connection with or with respect to this Agreement, the subject matter hereof, the performance or non-performance of any obligation hereunder, or any of the transactions contemplated hereby shall be adjudicated in a court of competent civil jurisdiction sitting in the City of Wilmington, Delaware and nowhere else. Each of the parties hereto hereby irrevocably submits to the jurisdiction of such court for the purposes of any suit, civil action or other proceeding arising out of, in connection with or with respect to this Agreement, the subject matter hereof, performance or non-performance of any obligation hereunder, or any of the transactions contemplated hereby [.]

License Agreement ¶16 (D.I. 21 at Exhibit A).

3

The parties also agreed to waive any claims relating to jurisdiction, venue, and inconvenient forum:

> Each of the parties hereto hereby waives and agrees not to assert by way of motion, as a defense or otherwise in any such Suit, any claim that it is not subject to the jurisdiction of the above courts, that such Suit is brought in an inconvenient forum, or that the venue of such Suit is improper.

*Id* ¶16.    In May 2003, Childcraft discovered that Alice's Home/Mr. Wedd were marketing, offering for sale, selling, and manufacturing the A116 "Extra Wide Language Easel" in violation of the parties' license agreement for Childcraft to **exclusively** license this product. Amended Complaint ¶¶13, 18. (D.I. 21).

Childcraft has honored all of its obligations under the License Agreement by bringing this matter before the agreed-upon venue and jurisdiction in Wilmington, Delaware. It has also fully honored its other obligations under the License Agreement by paying royalties to Alice's Home/Mr. Wedd and continues to honor those obligations.

## ARGUMENT

I.    **DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED GIVEN THAT THE DEFENDANTS HAVE WAIVED ANY OBJECTION TO PERSONAL JURISDICTION/VENUE AND HAVE CONSENTED TO JURISDICTION IN DELAWARE PURSUANT TO THE LICENSE AGREEMENT'S VALID FORUM SELECTION CLAUSE.**

The Court has personal jurisdiction over Alice's Home and Mr. Wedd by virtue of the forum selection clause in Paragraph 16 of the License Agreement. Under Delaware law, which looks to federal law on this issue, express consent to jurisdiction pursuant to a forum selection clause confers jurisdiction over the person. *Chrysler Capital Corp v. Woehling*, 663 F. Supp. 478, 481 (D. Del. 1987) (relying on *Ins Corp of Ireland v Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Therefore, the forum

4

selection clause and the Complaint's incorporation of the clause are all that is required to establish personal jurisdiction over Alice's Home/Mr. Wedd.    Because the forum selection clause is valid and enforceable, the language of the clause precludes Defendants from making any personal jurisdiction or venue objection and subjects them to jurisdiction in Delaware.

###    A.    Standard of Review.

When reviewing motions to dismiss for lack of personal jurisdiction and improper venue, the court is required "to accept as true the allegations of the pleadings" and to view the facts in the light most favorable to the plaintiff. *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005). When a court reviews a motion to dismiss pursuant to Rule 12(b)(2), "a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in plaintiff's favor." *CC Investors Corp. v. Raytheon Company*, 219 F.R.D. 328, 329 (D. Del. 2003) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). The plaintiff bears the burden of showing that the court may exercise jurisdiction, *see Pinker*, 292 F.3d at 368, while the defendant has the burden to show that venue is improper. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).

###    B.    The Forum Selection Clause is Reasonable and Should be Enforced.

Where a forum selection clause will affect personal jurisdiction, state law applies to determining the clause's validity. *General Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d. 352, 356-57 (3d Cir. 1986); *see Park Inn Int'l, L.L.C. v. Mody Enter., Inc.*, 105 F. Supp. 2d. 370 (D. N.J. 2000). Delaware courts, because of the similarities between the state and federal tests for the enforceability of such clauses, follow federal

5

law on this issue. *See Hornberger Mgmt. Co. v. Haws & Tingle Gen. Contractors, Inc.*, 768 A.2d 983, 987 (Del. Super. 2000).

Contrary to Defendants' position, the enforcement of forum selection clauses is strongly favored and has been for 30 years. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 885 F.2d 1149, 1162 (3d Cir. 1989). The U.S. Supreme Court has explained that "such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[2]   *The Bremen*, 407 U.S. at 10. Forum selection clauses are presumed valid and enforceable unless the objecting party establishes (1) that the clause is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).[3]   The party resisting the enforcement of the forum selection clause has the *high burden* of overcoming the presumption in favor of enforcement. *Fleming & Hall, Ltd. v. Cope*, 30 F. Supp. 2d 459, 463 (D. Del. 1998) (emphasis added). Enforcing such clauses advances freedom of contract principles and saves judicial resources of parties litigating issues of jurisdiction and venue. *The Bremen*, 407 U.S. at 11. Further, forum selection clauses do not offend due process rights when they are

---

[2]   Although *The Bremen* was an admiralty case, federal courts have since applied *The Bremen* standard to all other cases. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988).

[3]   Defendants' claim that the test for reasonableness in this case is set out by *Preferred Capital, Inc. v. Sarasota Kennel Club*, 2005 WL 1799900 (N.D. Ohio July 27, 2005),[3] a case that applied *Ohio* law, reeks of desperation, as the fact that the forum selection clause in this case is enforceable under *Delaware* law is inescapable.

6

"freely negotiated" and not "unreasonable and unjust." *See Burger King Corp v. Rudzewicz*, 471 U.S. 462, 473 (1985).

For example, in *The Bremen*, the parties previously agreed to a forum selection clause whereby any litigation was to be brought in England. *Id.* at 2. The Court held that the forum selection clause was enforceable given that the parties' forum choice "was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." *Id.* at 12. The Court noted that "[t]he forum clause could hardly be ignored. It is the final sentence of the agreement, immediately preceding the date and the parties' signatures." *Id.* at 14.

The forum selection clause at issue in this case is no different than the one at issue in *The Bremen*. The Defendants here have fallen far short of proving their high burden. With no evidence of fraud, undue influence, or overweening bargaining power between Childcraft and Alice's Home/Mr. Wedd, there is no compelling or countervailing reason why the parties' agreement should not be honored and enforced by this Court. Moreover, Mr. Wedd could hardly ignore the forum selection clause's prominent spot on the License Agreement—the final paragraph of the agreement immediately preceding the date and the parties' signatures with the last sentence of the paragraph explicitly stating that each of the parties agree to waive any defense or claim of personal jurisdiction and venue. Even if the clause was not the primary topic of the negotiations, by signing the License Agreement, Alice's Home/Mr. Wedd necessarily knew that the forum selection clause was in the agreement. With this knowledge, Defendants accepted these terms, signed the contract, and are now refusing to honor their obligations.

7

### 1.    There is no evidence of fraud or overreaching.

Defendants have not and cannot provide any evidence of fraud or overreaching. First, it is important to note that a party must contest the validity of the clause itself as being a product of fraud or coercion rather than contesting the validity of the entire contract. *Barbuto v. Medicine Shoppe Int'l, Inc.*, 166 F. Supp. 2d 341, 346 (W.D. Pa. 2001). In *Barbuto*, the plaintiffs argued that the forum selection clause was unenforceable because it was unreasonable given that the defendant gave plaintiffs a form license agreement without any negotiation, and the plaintiffs were not represented by counsel. *Id.* However, the district court in *Barbuto* did not find any of these facts sufficient to deem the clause unenforceable. *Id.* The court found no circumstances surrounding the contract that the plaintiffs were forced to sign the contract or that they were under any pressure. *Id.* at 347.

There is no evidence of Childcraft forcing Alice's Home/Mr. Wedd to sign the contract or to agree to the forum clause. Mr. Wedd, as owner and operator of Alice's Home, had the opportunity and authority to object to any clause within the License Agreement. Although it is Mr. Wedd's position that he was not involved in the negotiations, he did sign the License Agreement on behalf of Alice's Home, and by signing it, he undertook the responsibility of reading the agreement in full and raising any concerns prior to signing it. Ignorance of a contract's obligation or failure to read a contract will not excuse a party's obligation. *Park Inn,* 105 F. Supp. 2d at 374.[4] Mr. Wedd cannot now claim that simply because he was not active in the negotiations

---

[4] Curiously, Defendants argue at Page 15 of their Opening Brief (D.I. 16) that it is only Alice's Home and "not William Wedd" that consented to jurisdiction in Delaware. But they then acknowledge that "any claim asserted by or against Alice's Home is *de jure,* a claim by or against William Wedd" at footnote 10 of their brief. *Id.* at Page 25.

8

that he is to be freed from his contractual obligations. As an experienced businessperson who owns and operates Alice's Home, reviewing and signing a contract is surely not a foreign undertaking. Regardless of Mr. Wedd's involvement in the negotiation, "[T]he mere absence of negotiation over a forum selection clause does not make the forum selection clause unenforceable" or affect its validity. *See Hornberger*, 768 A.2d at 987; *Park Inn*, 105 F. Supp. 2d at 375; *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991); *Barbuto*, 166 F. Supp. 2d at 346. Furthermore, failing to explain the terms of an agreement does not constitute fraud, overreaching, or unconscionability and would not void a forum selection clause. *Park Inn*, 105 F. Supp. 2d at 374.

There is also no evidence of "overweening" bargaining power in the parties' negotiations. Forum selection clauses contained in adhesion contracts with zero negotiation are regularly upheld. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991); *Dentsply Intern, Inc. v. Benton*, 965 F. Supp 574, 578 (M.D. Pa. 1997); *BABN Techn. Corp v. Bruno*, 25 F. Supp. 2d 593, 596 (E.D. Pa. 1998) (stating "the mere fact that [plaintiff] signed a form contract and did not negotiate the forum selection clause is not sufficient to render the clause unenforceable"). In *Carnival Cruise Lines*, the Court found the forum selection clause reasonable, even though the plaintiffs did not negotiate the terms of the ticket. 499 U.S. at 593. Given that courts have found forum selection clauses reasonable in adhesion contracts, Alice's Home/Mr. Wedd cannot claim unreasonableness here as the License Agreement was not an adhesion contract and was freely negotiated by the parties. Thus, the forum selection is reasonable and must be enforced.

9

2.     **The forum selection clause does not violate Delaware policy.**

Defendants have failed to present evidence that the forum selection clause violates any state policy. Indeed, the contrary is true. Delaware law <u>favors</u> the enforcement of forum selection clauses. *See Hornberger*, 768 A.2d at 987; *Outokumpu Eng'g Enter., Inc., v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 732-33 (Del. Super. 1996).

3.     **The forum selection clause will not result in a serious inconvenience to the Defendants.**

Finally, the forum selection clause poses no serious inconvenience to Defendants so as to be considered unreasonable. Defendants have not and cannot provide evidence that litigating in Delaware would be a "serious" inconvenience except to say that it would be a strain on Mr. Wedd's financial resources. Such financial inconvenience, alone, does not create a "serious" inconvenience needed to invalidate the forum selection clause. *See In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1052 (3d Cir. 1987) (stating that even an admitted "precarious financial condition" is insufficient to meet the heavy burden of proving unreasonableness and injustice).

Although Defendants cite case law where courts have declined to enforce the forum selection clause due to financial inability, none of those cases apply Delaware law, and thus they are not persuasive, let alone controlling. Further, all of them are inapplicable as they involve adhesion contracts between an employer and an employee, where the courts deemed that the employee is not at the same bargaining level as the employer. The opposite situation exists in this case. The contract was not presented on a take-or-leave-it basis and the parties here were involved in an arm's length negotiation between Mr. Wedd, a sole proprietor, on behalf of Alice's Home and Childcraft. *See*

10

*Lexington Investment Co. v. Southwest Stainless, Inc.*, 697 F. Supp. 139, 143 (S.D.N.Y.
1988) (court looked to the fact that the parties were sophisticated businessmen in an arm's
length negotiation).

In addition, Defendants' argument that the agreed-upon forum selection clause is
"unreasonable" because neither of the parties have connections to Delaware and because
litigating in the Delaware forum would be inconvenient to the Defendants is unavailing.
Mere inconvenience is insufficient and would not deprive them of a meaningful day in
court. Moreover, Defendants' contentions are simply not enough to overcome their high
burden that forum selection clauses are presumptively valid. In *Resources Ventures*, the
plaintiff and defendant had entered into an agreement, which contained a forum selection
clause stating, in relevant part, "[i]n the event of litigation, the case shall be tried by the
appropriate courts in the State of Delaware." *Resource Ventures, Inc. v. Resources Mgt.
Int'l, Inc.*, 42 F. Supp. 2d 423, 432 (D. Del. 1999). In enforcing the forum selection
clause, the court first presumed that the clause was valid and enforceable, and then
finding no evidence of fraud, inconvenience of the forum, or public policy violations, the
court held the clause to be valid and enforceable. *Id.*

Indeed, as a federal court rightly noted in *Park Inn*, litigation is expensive in any
forum. 105 F. Supp. 2d at 375. There the court deemed that it was not unreasonable or
burdensome to have a New Mexico company defend litigation in New Jersey. *Id.* at 372.
Additionally, in *Barbuto*, the plaintiffs argued that they did not possess enough financial
resources to litigate in Missouri from Pennsylvania. 166 F. Supp. 2d at 347. The court
rejected the plaintiff's serious inconvenience argument and found that it did not meet the
"strong showing necessary to demonstrate that Missouri" is so inconvenient as to deprive

11

the plaintiffs of their day in court. *Id.* The passengers in the *Carnival Cruise Lines* case were in a far worse situation than Alice's Home/Mr. Wedd. Mr. Wedd is experienced in business, has signed/review contracts before, had the opportunity to negotiate the contract including all of its terms, and did not sign an adhesion contract. Likewise, the plaintiffs in *Barbuto* and *Park Inn* had to travel much farther than do Alice's Home/Mr. Wedd. In each of those cases, the forum selection clause was held enforceable, and so it is here, as well.

Finally, if Defendants were so concerned about their lack of financial resources, then they should not have marketed and sold an exclusive product in breach of the License Agreement. If Defendants had honored their obligations under the agreement, then there would be no litigation in Delaware.

In short, the forum selection clause is reasonable and must be enforced.

## C. Defendants' Objections to Personal Jurisdiction and Venue Have Been Waived.

### 1. Personal jurisdiction is proper as Defendants have waived and consented to jurisdiction in Delaware.

Personal jurisdiction is an individual liberty right that can be waived. *Ins. Corp.*, 456 U.S. at 703; *Resources Ventures*, 42 F. Supp. 2d at 431. Personal jurisdiction may be waived by a person's express or implied consent. *See Burger King Corp*, 471 U.S. at 472; *Resources Ventures*, 42 F. Supp. 2d at 431. Agreeing to a forum selection clause is one way for a party to expressly consent to jurisdiction. *Resource Ventures*, 42 F. Supp. 2d at 431. Consenting to jurisdiction in a forum selection clause is a way to avoid costly future litigation so that parties do not unnecessarily use judicial resources to dispute which jurisdiction is best to try a case. *Carnival Cruise Lines*, 499 U.S. at 594.

12

### 2.    Venue is proper as Defendants have waived and consented to venue in Delaware.

Defendants' claim that venue is improper must also be denied. Like personal jurisdiction, venue can be waived by way of a forum selection clause. *Park Inn*, 105 F. Supp. 2d at 375. Even if venue may not otherwise be proper, this Court may hear the matter as long as a defendant has waived its objection to venue. *See* 28 U.S.C. § 1406(b). In *Park Inn*, the court quickly dispensed with the defendants' venue objection and held that there was proper venue because the defendants previously waived their objection to venue by agreeing to a forum selection clause, thereby rendering their objection untimely and improper. 105 F. Supp. 2d at 375-76.

Similarly, Alice's Home/Mr. Wedd waived any objection to venue in the Delaware courts by their agreement to the forum selection clause. The clause specifically states in Paragraph 16 that "[e]ach of the parties...waives and agrees not to assert by way of motion, as a defense or otherwise in any such Suit, any claim that it is not subject to the jurisdiction of the above courts...or that the venue of such Suit is improper." License Agreement ¶ 16 (D.I. 21 at Exhibit A). Further, Alice's Home/Mr. Wedd's waiver of venue obviates the need of meeting the proper venue requirements under 28 U.S.C. § 1391(a). Therefore, Defendants have no valid objection to venue due to their consent and waiver, thus making venue proper in this Court.

## II.    MS. WEDD IS NOT A NECESSARY PARTY TO THIS LITIGATION, AND THEREFORE IS NOT REQUIRED TO BE JOINED UNDER RULE 19. ALTERNATIVELY, EVEN IF MS. WEDD IS A NECESSARY PARTY, SHE IS NOT INDISPENSABLE TO THE ACTION.

Under Rule 19, a two-step analysis is required to determine whether a party must be joined. Fed. R. Civ. P. 19. First, the court must determine whether a party is necessary under 19(a), and then whether that party is indispensable under 19(b). *Id*

13

Ms. Wedd is not a necessary party, and thus no Rule 19(b) analysis is required. Alternatively, even if Ms. Wedd is a necessary party, she is not indispensable to this action.

**A.    Ms. Wedd is Not a Necessary Party to This Case.**

Under Rule 19(a), a party is considered necessary and must be joined only if one of the following elements is satisfied:

> (1)    in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2)    the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
> > (i)    as a practical matter impair or impede the person's ability to protect that interest or
> >
> > (ii)    leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). In order for a party to be "necessary" under Rule 19(a)(1), courts necessarily examine whether complete relief can be granted in the absence of the party. *Koppers Co., Inc. v. Aetna Cas. & Sur. Co*, 158 F.3d 170, 175-76 (3d Cir. 1998). In *Coregis Insurance Co. v. Wheeler*, the court concluded that an attorney's former client was not a necessary party in a federal court action filed by the attorney's insurance company against the attorney. 180 F.R.D. 280, 283 (E.D. Pa. 1998). Although the attorney had no claims against the former client in the state malpractice action, the client was important to learning about the facts of the case and could possibly obtain a judgment against the attorney. Despite these facts, the court held that the client was not a necessary party because her interest was simply financial. *Id.* Similarly, like any other witness, Ms. Wedd possesses information surrounding the facts of this case, and while

14

she may have a financial interest in this litigation, such an interest is not enough to make Ms. Wedd a necessary party.

Childcraft can obtain complete relief from Alice's Home/Mr. Wedd in the absence of Ms. Wedd because Alice's Home/Mr. Wedd are the only key parties to Childcraft's action, and none of Childcraft's claims require Ms. Wedd as a party. Alice's Home/Mr. Wedd are signatories to the contract and agreed that Childcraft would exclusively sell and market the A116 "Extra Wide Language Easel." Ms. Wedd is not a signatory to the contract. The inclusion of Ms. Wedd is also not necessary to seek relief on Childcraft's misappropriation of trade secrets and unjust enrichment claims. Although Ms. Wedd was the one to divulge the trade secret information to Alice's Home/Mr. Wedd, Defendants on their own used this information to their own benefit regardless of Ms. Wedd's involvement. In other words, Childcraft's claims against Defendants exist independently of Ms. Wedd. Ms. Wedd is an important witness at best to this litigation, but not a necessary party.

Ms. Wedd also cannot be joined under Rule 19(a)(2). Ms. Wedd's ability to protect her interest will not be impaired or impeded by the disposition of the action in her absence. Defendants will not face any risk of multiple or inconsistent obligations as a result of Ms. Wedd's absence from this case. Furthermore, since Ms. Wedd is no longer a party to this case, any adverse judgment against Alice's Home will not affect Ms. Wedd because her only claims in the Ohio litigation are based on wrongful discharge and her purported inability to find a job. Those claims are not at issue in this case. Therefore, the outcome of this case cannot impact her position in the Ohio proceedings given that her claims will not be litigated here.

15

Because Ms. Wedd is not a necessary party under Rule 19(a), she cannot be an indispensable party under Rule 19(b). Therefore, this action may proceed in her absence.

**B.      Alternatively, Even if Ms. Wedd is a Necessary Party, Defendants Have Failed to Prove that She is Indispensable to the Action.**

Even if Ms. Wedd is a necessary party to this action, she is not indispensable under Rule 19(b). If a person cannot be made a party because it would destroy personal jurisdiction, then "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b); *Acierno v Preit-Rubin Inc*, 199 F.R.D. 157, 164 (D. Del. 2001). In applying the equity-and-good conscience test, this Court is required to consider the following four factors:

> (1)    to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
>
> (2)    the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> (3)    whether a judgment rendered in the person's absence will be adequate
>
> (4)    whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). None of the four factors is given any particular weight, so the existence of any one factor is not dispositive and does not require dismissal. *Angst v Royal Maccabees Life Ins. Co*, 77 F.3d 701, 706 (3d Cir. 1996).

In applying the first factor, there would be no prejudice against Ms. Wedd if a judgment is rendered in her absence, as the claims in the Ohio proceedings involve substantially different claims and parties, and this litigation will not have preclusive effect vis-à-vis Ms. Wedd's claims in Ohio. Ms. Wedd's only claims in the Ohio proceedings are based on an alleged wrongful discharge and Ms. Wedd's alleged inability

16

to find work. The issue of Ms. Wedd's employment or discharge is not a claim in this case. Thus, the outcome of this case will not impact Ms. Wedd's wrongful discharge claim in Ohio.[5]

Second, no protective provisions are necessary in any judgment issued in this Court because, as stated, no claims relating to Ms. Wedd are being litigated here.

With regard to the third factor, the judgment rendered in Ms. Wedd's absence will be adequate for all parties involved. Childcraft need not claim against Ms. Wedd in order to obtain complete relief. Its separate claims against Alice's Home/Mr. Wedd for its breaches can be maintained without Ms. Wedd.

Finally, regardless of whether Childcraft has a remedy if this case is dismissed, the existence of such a remedy is *only* a single factor to consider. Again, given that none of the factors are given particular weight, the potential existence of a single factor does not compel dismissal in this case. *Angst,* 77 F.3d at 706.

Ms. Wedd is not an indispensable party. Thus, this court can in "equity and good conscience" proceed without her.

## III.    PLAINTIFF'S COMPLAINT STATES A CLAIM UPON WHICH RELIEF SHOULD BE GRANTED.

### A.    Standard of Review.

Pursuant to Fed. R. Civ. P. 12(b)(6), this "court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn." *Kelley v.*

---

[5]  Because there would be no prejudice to Ms. Wedd if she is absent from these proceedings, she is not a necessary party, and there is not even a need to analyze these factors.

17

*Edison Township*, 377 F. Supp. 2d 478, 481 (D. N.J. 2005).[6] In reviewing the motion to dismiss, the court views all allegations "in the light most favorable to the non-moving party." *Id.* The defendant has the burden to prove that no claim has been stated. *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591 (D. Del. 2004) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). The question for this Court is whether Childcraft "can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Kelley*, 377 F. Supp. at 481. Childcraft has more than satisfied this standard.

**B.**    **Defendants' Motion to Dismiss Fails Because All Claims Stated in the Complaint Arise Out of the License Agreement and Sufficiently State a Claim Upon Which Relief can be Granted.**

Defendants wrongly contend that Childcraft's claims of unjust enrichment and misappropriation of trade secrets do not arise out of the License Agreement, and thus, the choice of law and forum selection provisions should not apply to these claims. Defendants are incorrect in arguing that the breach of contract claim is the only claim that arises out of the License Agreement. In *Moore v. Little Giant Indus., Inc.*, the court stated that "arising from" language in contracts is sufficiently broad to encompass claims in contract, tort, or quasi contract. 513 F. Supp. 1043 (D. Del. 1981), *aff'd*, 681 F.2d 807 (3d Cir. 1982)(TABLE). Thus, in this case, the License Agreement's language— "[a]ny disputes **arising out of**, in connection with or with respect to this Agreement, the subject matter hereof, the performance or non-performance of any obligation hereunder...shall be adjudicated in...Wilmington, Delaware"— covers more than just a breach of contract claim; it covers the other claims in the Complaint as well. License Agreement ¶16 (D.I.

---

[6]    Childcraft has filed concurrently with this answering brief a motion to strike William Wedd's affidavit, which is improperly before this Court.

18

21 at Exhibit A). Therefore, contrary to the defendant's misguided assertion, the choice of law and forum selection provisions do apply to the misappropriation of trade secrets and unjust enrichment claims.

The unjust enrichment and trade secrets claims are closely connected to the parties' License Agreement. Under the agreement, Alice's Home/Mr. Wedd promised Childcraft an exclusive product to market and sell, but Defendants instead used the benefits of the agreement to gain access to Childcraft's trade secrets. Because of the benefits Defendants wrongfully received by the misappropriation, they have been unjustly enriched and they should not be allowed to retain the benefits. This chain of events certainly arises in connection with the License Agreement.

**C.     Plaintiff Has Sufficiently Pleaded its Claims under the Federal Notice Pleading Requirement.**

Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) also fails as Plaintiff has sufficiently stated a breach of contract claim against Alice's Home/Mr. Wedd. The federal rules impose a liberal notice pleading requirement under Fed. R. Civ. P. 8(a), which only requires that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). The purpose of pleading under the Federal Rules is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, "a plaintiff need not allege the existence of every element of his or her claim as long as the allegations plead facts sufficient to provide the defendant with fair notice." *Enzo Life Sciences, Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 427 (D. Del. 2003) (citing *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 124 (3d Cir.

19

1998)). Childcraft's complaint is well within this standard. It has given Defendants notice of its breach of contract claim and the facts that this claim is based on. At this stage of the proceedings, Childcraft is not required to plead all evidentiary support for its claim under the liberal notice pleading requirement. It is true that a court "need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). However, Childcraft's breach of contract claim is not based on bald assertions or legal conclusions; it is based on the simple facts needed to provide Defendants with notice of the claims pending against them. Therefore, Childcraft has sufficiently stated all facts to support its claims of breach of contract, misappropriation of trade secrets, and unjust enrichment, and Defendants' Motion must be denied.

> **D.    The Unjust Enrichment Claim is as an Alternative Action and is Not Superseded by the Misappropriation of Trade Secrets Claim.**

The unjust enrichment claim is meant as an alternative action to the breach of contract claim. Restitution of this type is an appropriate remedy in the absence of a contract "where a party is unjustly enriched at the expense of another." *Highlands Ins Group, Inc v. Halliburton Co.*, 852 A.2d 1, 7 (Del. Ch. 2003). Under Delaware law, unjust enrichment is defined as "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999). Here, if the contract between Alice's Home/Mr. Wedd and Childcraft were questioned, Childcraft has an alternative theory of recovery under the Complaint. Thus, Childcraft's unjust enrichment claim states a claim upon which relief can be granted.

20

Defendants' contention that the unjust enrichment claim is superseded by the misappropriation claim fails to consider the exceptions under Delaware law. It is true that the Uniform Trade Secrets Act "displaces conflicting tort, restitutionary, and other law of this State providing civil remedies for misappropriation of a trade secret." *Savor, Inc. v FMR Corp.*, 812 A.2d 894, 898 (Del. 2002); 6 *Del. C.* § 2001 (2005). But, exceptions exist for claims for contract remedies, criminal remedies, and "other civil remedies that are not based on misappropriation of a trade secret." *Savor*, 812 A.2d at 898.[7] Childcraft's common law unjust enrichment claim is not based solely on the alleged misappropriation of Childcraft's trade secrets. It is also based on other wrongful actions that Defendants committed. This claim is based on Alice's Home/Mr. Wedd's wrongful conduct in marketing and selling Childcraft's exclusive product, and then retaining the profits from those sales. Because of this wrongful conduct, Defendants should not be allowed to retain the benefits deriving from it.

## IV. THIS COURT SHOULD NOT ABSTAIN FROM HEARING THIS MATTER GIVEN THAT THERE ARE NO EXCEPTIONAL CIRCUMSTANCES PRESENT AND THE FEDERAL AND STATE ACTIONS ARE SUFFICIENTLY DISTINCT.

Under the abstention doctrine, a "District Court may decline to exercise or postpone the exercise of its jurisdiction" in order to avoid duplicative litigation and conserve judicial resources. *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813-17 (1976) ("Colorado River"). This is the exception rather the rule, as federal courts have a "virtually unflagging obligation...to exercise the jurisdiction given them." *Id.* at 817 (citing *England v. L.A. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964)). A

---

[7] In *Savor*, the plaintiff's common law claims of conspiracy and unfair competition were dismissed because those claims all arose out of the alleged misappropriation. In this case, the opposite is true.

21

federal court should only abstain in those situations that pose "exceptional circumstances where...repair to the state court would clearly serve an important countervailing interest." *Id.* at 813; *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). Even if there is a pending state court action, the general rule is that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Colo. River*, 400 U.S. at 817. Abstention has never been a "doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* at 814 (internal quotations omitted) (quoting *Ala. Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 361 (1951)). And this Court should not start now by abstaining from this case.

This Court has stated that a stay or dismissal of a federal action should only be granted upon a "showing that (1) the federal and state actions are "parallel", and (2) "exceptional circumstances" exist that warrant a stay." *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp.2d 575, 578, (D. Del. 2005). Defendants can show neither in this case.

### A.    The State and Federal Actions are not Parallel.

This Court, in *Sanitec*, first evaluated whether the actions were parallel before deciding if there are exceptional circumstances present. 376 F. Supp.2d at 578. Two cases are parallel only "when they involve the <u>same</u> parties and claims." *Id.* (quoting *Ryan*, 115 F.3d at 196) (emphasis added). Even if the actions are similar, just because there is a "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colo. River*, 424 U.S. at 816; *see Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994) (stating that abstention is not justified when claims in a state suit are distinct from claims in the federal suit).

22

This Court held that the state and federal actions in *Sanitec* were not parallel because they did not present "the same facts, issues, and parties" and because Sanitec Industries was not able to present all of its legal claims in state court. 376 F. Supp. 2d at 578. More specifically, the plaintiff in *Sanitec* was not a party to the state court action and federal litigation was needed to determine the ownership of a patent. *Id.* at 577. In *Coregis*, the court rejected the defendant's abstention claim because the pending state court action did not preclude the court from deciding the case and because the claims of both actions differed. 180 F.R.D. at 284. The state court suit involved claims of negligence and bad faith which were not a part of the federal suit. *Id.*

Similarly, in this case, the claims and parties in the state court action are different from the claims and parties in this action. The plaintiffs in the state action are Ms. Wedd and Alice's Home, and the defendants are Jim Green and Childcraft. However, Ms. Wedd is not a party to this action and Jim Green is also not a party to this action. Mr. Wedd is a party to this action, but not to the state action. The claims are also sufficiently distinct. The plaintiffs in the state action have alleged tortious interference with existing and prospective contractual relationships, slander and claims based on Ms. Wedd's alleged wrongful discharge. None of these claims have been brought before this Court. Thus, different issues and facts will arise in litigating these claims that will not arise in this case. Therefore, these actions are not parallel. In fact, the state and federal proceeding are substantially different from one another, mandating that this Court to refrain from abstaining in this case.

**B.**    <u>**There are no Exceptional Circumstances Present to Justify a Stay.**</u>

Even assuming, solely for the sake of argument, that these actions are parallel, which they are not, the exceptional circumstances necessary for this Court to grant a stay

23

do not exist. *Sanitec*, 376 F. Supp. 2d at 578. There are six factors to consider when determining whether there are exceptional circumstances: (1) which court first assumed jurisdiction over property;[8] (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. *Colo. River*, 424 U.S. at 818-19. The balancing of these factors should be "heavily weighted in favor of the exercise of jurisdiction." *Sanitec*, 376 F. Supp. 2d at 579 (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983)).

Although there may be some inconvenience to litigating in Delaware, all parties are on equal footing as none of them are Delaware residents. The inconvenience in litigating in Delaware is no greater than the inconvenience that is posed in litigating in any other forum. Even if this factor was satisfied, the existence of one factor does not weigh in favor of abstention. One of the factors was present in *Sanitec*, but it was insufficient to justify abstention, thus this Court did not abstain. 376 F. Supp. 2d at 579.

"The mere possibility of piecemeal litigation is inadequate to invoke the abstention doctrine," and the third factor is only satisfied "when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Sanitec*, 376 F. Supp. 2d at 578 (quoting *Ryan*, 115 F.3d at 197-98). Here, Defendants have presented no evidence of any strong federal policy that the claims before this Court should be tried in Ohio. If anything, the strong federal and Delaware policy in *favor* of enforcement of forum selection clauses justifies this case being tried in federal instead of state court.

---

[8]  This factor will not be discussed as it is not an issue in this case. There is no issue as to jurisdiction over property.

24

The fourth factor considers the order in which jurisdiction was obtained. Defendants' argument, however, focuses on the wrong aspect of this factor. In their brief, defendants focused on the date of the filing of the complaint in the actions instead of focusing on the amount of progress that has been made in each case. This Court specifically stated in *Sanitec* that "courts should consider the amount of progress that has been made in each action rather than focusing on the date the complaint was filed." *Id.* at 578-79 (citing to *Moses,* 460 U.S. at 21). In *Sanitec*, the California state court action was filed in April 27, 2004 with trial scheduled in March 2005. The federal action was filed nearly six months after the state action on October 25, 2004. Since both cases were in their early stages, this Court held that the fourth factor was not met. In this case, the state court action is also in its early stages. It was only filed in May 16, 2005, and no discovery has taken place. Therefore, this factor weighs against abstention.

As to the fifth factor, state law will control. However, Ohio law does not control in this case; rather, Delaware controls pursuant to the License Agreement's choice of law provision. This Court has a stronger interest in hearing this case as it is in a better position to interpret Delaware law, the forum in which it sits.

The last factor has also not been satisfied. The Ohio state court action will not adequately protect the interests of the parties. The state proceedings do not afford adequate opportunity for Childcraft to raise the claims because the contract at issue requires interpretation of Delaware law and requires claims arising out of it to be brought in Delaware. The state court's lack of experience in interpreting the laws of Delaware will not give Childcraft its full opportunity to raise all of its claims.

25

In short, this Court should abide by its obligation to exercise jurisdiction over this case as there are no "extraordinary circumstances" present to justify invoking the rarely applied abstention doctrine.

## CONCLUSION

For all the foregoing reasons, Childcraft respectfully requests that the Court deny Defendants' Motion to Dismiss, or in the Alternative, Stay.


*Kelly E. Farnan*

Allen M. Terrell, Jr. (#709)
(terrell@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)
Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
P.O. Box 551
Wilmington, DE 19899
Attorneys for Plaintiff
Childcraft Education Corporation

OF COUNSEL:
Mark S. Floyd
Christopher R. Johnson
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel: (216) 566-5500

Dated: November 4, 2005

26

RLF1-2942067-1

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2005, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> S. Mark Hurd, Esq.
> Samuel T. Hirzel, II, Esq.
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

Kelly E. Farnan (#4395)
Farnan@rlf.com