IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-461-GMS |
| vs. | ) ) ) | |
| ALICE'S HOME, *et al*., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF WILLIAM WEDD

OF COUNSEL:
Mark S. Floyd
Christopher R. Johnson
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel: (216) 566-5500

Dated: November 4, 2005

Allen M. Terrell, Jr. (#709)
(terrell@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)
Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
P.O. Box 551
Wilmington, DE 19899
Attorneys for Plaintiff
Childcraft Education Corporation

## FACTUAL BACKGROUND

On July 1, 2005, Childcraft Education Corporation ("Childcraft") filed its Complaint against defendants Alice's Home, Alice Wedd, and William Wedd alleging breach of contract, misappropriation of trade secrets, breach of employee duty of loyalty, and unjust enrichment. In response, Defendants did not Answer; rather, they moved to dismiss or, in the alternative, stay the action for, among other reasons, improper venue and lack of personal jurisdiction. Childcraft then filed an Amended Complaint on October 6, 2005. (D.I. 21).

In response to the Amended Complaint, Defendants again moved for dismissal and/or stay of the action, again alleging improper venue, lack of personal jurisdiction, and failure by Childcraft to state a claim upon which relief can be granted. Along with that motion, Defendants filed the affidavit of William Wedd. (D.I. 26). Mr. Wedd's affidavit contains assertions that bear directly on, among other things, Childcraft's claim for breach of the License Agreement.

To date in this case, the parties have not yet engaged in any discovery, nor has a Rule 26(f) scheduling conference been held. Indeed, this case has not progressed at all due to Defendants' two motions to dismiss or, in the alternative, to stay.

## ARGUMENT

In general, under the Federal Rules, when a party has filed an affidavit with its brief in a motion to dismiss, it has the effect of converting a motion to dismiss for failure to state a claim into one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Ospina v. Dept. of Corrections*, 749 F. Supp. 572, 574 (D. Del. 1990). The Federal Rules, however, specifically state that in such circumstances "*all* parties shall be given reasonable opportunity to present *all* material made pertinent to such a motion." Fed. R. Civ. P. 12(b). In this case, should the Court consider Mr.

Wedd's affidavit as part of Defendants motion, Childcraft will be left without the ability to present all material facts pertinent to the motion because no discovery has taken place.

In that regard, this case is similar to *Ospina*. 749 F. Supp. 572 (D. Del. 1990). In *Ospina*, no discovery had taken place prior to the time the defendant filed a motion to dismiss under Rule 12(b)(6). As a result, the Court recognized that the parties were in "no position to present all material pertinent to a motion for summary judgment," excluded the affidavits from consideration, and reviewed the motion as a motion to dismiss. *Id.* at 574; *see Soliman v. Taylor*, 2005 U.S. Dist. LEXIS 22173, *25 (D. Del. Sept. 30, 2005) (using the federal motion to dismiss standard and ignoring affidavits filed with motions to dismiss and stating that "it would be inappropriate to convert the [defendants'] motions to dismiss into motions for summary judgment pursuant to Fed. R. Civ. P. 12(b), since there has been no discovery conducted in the present case" (*quoting Brug v. The Enstar Group, Inc.*, 755 F. Supp. 1247, 1251 (D. Del. 1991)).

As in *Ospina*, the Court should exclude the affidavit of Mr. Wedd and rule on Defendants' Motion to Dismiss without considering the assertions Mr. Wedd makes in his affidavit and the exhibits attached hereto. Instead, the Court should allow the case to proceed so the parties can conduct discovery.

## CONCLUSION

In light of the foregoing, Childcraft respectfully requests that the Court enter an Order striking the affidavit of William Wedd.

_Kelly E. Farnan_
Allen M. Terrell, Jr. (#709)
(terrell@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)

OF COUNSEL:
Mark S. Floyd
Christopher R. Johnson
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel: (216) 566-5500

Richards, Layton & Finger, P.A.
One Rodney Square
920 King Street
P.O. Box 551
Wilmington, DE 19899
Attorneys for Plaintiff
Childcraft Education Corporation

Dated: November 4, 2005

3

RLF1-2942388-1

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2005, I caused to be served by hand delivery

the foregoing document and electronically filed the same with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

S. Mark Hurd, Esq.
Samuel T. Hirzel, II, Esq.
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Kelly E. Farnan (#4395)
Farnan@rlf.com