IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-461-GMS |
| ALICE'S HOME and WILLIAM WEDD, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY**

MORRIS, NICHOLS, ARSHT & TUNNELL
S. Mark Hurd (#3297)
Jerry C. Harris (#4262)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Defendants

OF COUNSEL:

James P. Connors
Law Offices of James P. Connors
221 South High Street
Columbus, OH  43215

November 14, 2005

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS .......................................................................... iii

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................ 2

I.   THIS ACTION MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED INCLUDING, FOREMOST, A CLAIM FOR BREACH OF THE LICENSING AGREEMENT. ................................... 2

     A.   Childcraft Still Fails To State A Claim For Breach of The License Agreement. ............................................ 2

     B.   Childcraft Has No Claim For Unjust Enrichment Because It Alleges That A Contract Was Breached And There Is No Claim Stated For Breach Of The License Agreement. ............................................... 7

     C.   Childcraft's Claim For Trade Secret Misappropriation and Unjust Enrichment Do Not Arises From Or Out Of The License Agreement. ........... 8

II.  THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER DUE TO AN UNREASONABLE FORUM SELECTION CLAUSE AND THERE IS OTHERWISE NO PERSONAL JURISDICTION OVER ALICE'S HOME. ............ 10

III.  THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(B)(7) AND 19. ....... 12

     A.   Ms. Wedd Is A Necessary Party. ............................. 12

     B.   "In Equity and Good Conscience" This Action Should Not Proceed In The Absence of Ms. Wedd. .... 14

IV.  THE COURT SHOULD STAY THIS ACTION IN FAVOR OF A PRIOR-FILED ACTION PENDING IN STATE COURT IN OHIO. ............................................. 16

     A.   The Ohio Action and this Delaware Action are Parallel. ......................................................... 16

B.    Abstention is Warranted in This Case.                    18

CONCLUSION                                                       20

iii.

<u>TABLE OF CITATIONS</u>

Cases

*City of Pittsburgh v. West Penn Power Co.,*
    147 F.3d 256 (3d Cir. 1998                      3

*Colburn v. Upper Darby Twp.,*
    838 F.2d 663 (3d Cir. 1988)                    3

*Colorado River Conservation Dist. v. United States,*
    424 U.S. 800 (1976)                          16, 19

*Delicom Sweet Goods v. Mt. Perry Foods, Inc.,*
    2005 WL 525185 (Ohio App. 5th Dist.)           7

*Doug Grant, Inc. v. Greate Bay Casino Corp.,*
    232 F.3d 173 (3d Cir. 2000)                    3

*Easds v. Woodsmen of the World Life Ins. Soc.,*
    785 P.2d 328 (Okla. App. 1989)               12

*Falcon Tankers, Inc. v. Litton Sys., Inc.,*
    300 A.2d 231 (Del. Super. Ct. 1972)          10, 19

*Gardiner v. Virgin Islands Water & Power Auth.,*
    145 F.3d 635 (3d Cir. 1998)                  15

*Gilbane Bldg Co. v. Nemours Foundation,*
    568 F. Supp. 1085 (D. Del. 1983)           16, 19

*Gooley v. Mobil Oil Corp.,*
    851 F.2d 513 (1st Cir. 1988)                 6

*Guenveur v. State Farm Mutual Ins. Co.,*
    551 F. Supp. 1044 (D. Del. 1982)            16

*Hardin v. Dupont Scandanavia,*
    731 F. Supp. 1202 (S.D.N.Y. 1990)          5

*Harleysville Mut. Ins. Co. v. Grzbowski,*
    2002 WL 1859193 (Del. Super. Aug. 9, 2002)     17

*Homeamerican Credit, Inc. v. Vermillion,*
    1997 WL 793047 (E.D. Pa. Dec. 10, 1997)     13, 14, 15

iv.

*Jelich v. Warner Brothers, Inc.*,
    1996 WL 209973 (S.D.N.Y. 1996)    12

*Koninklijke Numico N.V. v. KEB Enterprises LP*,
    2003 U.S. Dist. LEXIS 5135 (D. Del. Mar. 31, 2003)    4

*Kreider v. Schumacher & Co.*,
    816 F. Supp. 957 (D. Del. 1993)    10, 19

*Maloney v. Gordon*,
    328 F. Supp. 2d 508 (D. Del. 2004)    16

*Morse v. Lower Merion Sch. Dist.*,
    *132 F.3d 902 (3d Cir. 1997)*    3

*Nelson v. Master Lease Corp.*,
    759 F. Supp. 1397 (D. Minn. 1991)    12

*New Beckley Mining Corp v. Int'l Union, UMWA*,
    946 F.2d 1072 (4th Cir. 1991), *cert. denied*, 503 U.S. 971 (1992)    17, 18

*Preferred Capital, Inc. v Sarasota Kemnel Club*,
    2005 WL 1799900 (N.D. Ohio July 27, 2005)    10

*Resource Venture, Inc. v. Resources Mgmt. Int'l, Inc.*,
    42 F. Supp. 2d 423 (D. Del. 1999)    2

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*,
    376 F. Supp. 2d 575 (D. Del. 2005)    17

*Savor, Inc. v. RMA Corp.*,
    812 A.2d 894 (Del. 2002)    9

*Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*,
    113 F.3d 405 (3d Cir. 1997)    3

*Sea Colony Inc. v. Alcan Aluminum Corp.*, 653 F. Supp. 1323, 1326 (D. Del. 1987)    16

*Soliman v. Taylor et al.*,
    2005 U.S. Dist. LEXIS 22173 (D. Del. Sept. 30, 2005)    4

*Tell v. Trustees of Dartmouth College*,
    145 F.3d 417 (1st Cir. 1998)    15

*Torrington Co. v. Yost*,
    139 F.R.D. 91 (D.S.C. 1991)    16

v.

*Willow Bay Associates v. Immunomedics, Inc.*,
    2003 U.S. Dist. LEXIS 4426 (D. Del. Mar. 21, 2003)    3

Rules

Fed.R.Civ.P. 12(b)(6)    5, 6

Fed.R.Civ.P. 12(b)(7)    1

Fed.R.Civ.P. 19    1, 12, 15

1.

## INTRODUCTION

In a classic case of the tail wagging the dog, Plaintiff premises a wide-variety of claims against Defendants in this action based solely upon the presence of a forum selection clause in a license agreement – even though Plaintiff, despite an opportunity to amend a facially deficient complaint, continues to allege only a bald, legal conclusion that the agreement has been breached. That legal conclusion fails to state a claim under even the most liberal construction of the applicable pleading standard.

The exercise of jurisdiction over Defendants, moreover, is manifestly unreasonable since there is absolutely no connection among the parties, their dispute and Delaware. The actions of Plaintiff's president – who undisputedly misrepresented to Alice Wedd that business disputes are all resolved in Delaware – are not a *bona fide* basis upon which this Court should exercise jurisdiction.

Plaintiff also concedes, as it must, that Ms. Wedd is not within this Court's jurisdiction. Her role and alleged actions, however, are central to each of Plaintiff's claims – all of which implicate Ohio state law. Because Ms. Wedd is a necessary and indispensable party, this action should be dismissed under Rules 12(b)(7) and 19. Dismissal will not leave Plaintiff without a remedy, as there is a prior-filed action involving the parties in state court in Ohio. Discovery in that action is proceeding, and the case is currently half through its one-year court-assigned track. All the parties are in Ohio; none of them is in Delaware. Under such circumstances, even were this Court not to dismiss for failure to state a claim, improper venue or for lack of an indispensable party, it should exercise its discretion to stay the proceeding or abstain in favor of the Ohio state court action.

2.

## ARGUMENT

I.   THIS ACTION MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED INCLUDING, FOREMOST, A CLAIM FOR BREACH OF THE LICENSING AGREEMENT.

On a motion to dismiss, the Court need not "accept legal conclusions either alleged or inferred from the pleaded facts." *Resource Venture, Inc. v. Resources Mgmt. Int'l, Inc.,* 42 F. Supp. 2d 423, 437-38 (D. Del. 1999). Childcraft failed to make the necessary factual allegations to state a claim for breach of the License Agreement. Without a claim for breach of the License Agreement, Childcraft lacks any basis for venue or jurisdiction in Delaware. Consequently, this action must be dismissed.

A.   Childcraft Still Fails To State A Claim For Breach of The License Agreement.

Childcraft's original Complaint failed to indicate which product was the subject of its claim for breach of the Licensing Agreement, and failed to allege how and when the License Agreement was breached by Alice's Home. In response to Defendants' motion to dismiss the original Complaint, Childcraft amended the Complaint, in an apparent attempt to cure its pleading deficiencies.[1] D.I. 21 (the "Amended Complaint"). The Amended Complaint, while acknowledging that the Licensing Agreement applies only to one specific model of extra-wide language easel – the A116, provides nothing more than conclusory allegations that the Licensing Agreement has been breached and provides no factual support for its claims. D.I. 21 ¶ 6.

---

[1]   After Plaintiff amended its complaint, the remaining defendants filed a motion to dismiss the Amended Complaint and an Opening Brief in support of the motion.

Childcraft maintains that its pleading deficiencies have been corrected in the Amended Complaint. *See* D.I. 27 at 2 ("the breach of contract claim is sufficiently pleaded in the amended complaint to include the more specific description of the [A116] product" and "defendants' argument is moot as Childcraft has amended the complaint specifically to identify the 'A116' model."). Childcraft's acknowledgement that the Licensing Agreement only applies to the A116 easel, however, does not rectify its pleading deficiencies with respect to how or when the Licensing Agreement was breached.

Childcraft must allege at least some factual basis in support of its claim. The Court "need not accept as true 'unsupported conclusions and unwarranted inferences.'" *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998) & *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)). Rather, the Court's role is "to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *Id.* at 184; *Willow Bay Associates v. Immunomedics, Inc.*, 2003 U.S. Dist. LEXIS 4426, at *4-5 (D. Del. Mar. 21, 2003). "In particular, the court looks to 'whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988). However, the Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Koninklijke Numico N.V. v. KEB Enterprises LP*, 2003 U.S. Dist.

4.

LEXIS 5135, at *2-3 (D. Del. Mar. 31, 2003). *See also Soliman v. Taylor et al.*, 2005 U.S. Dist. LEXIS 22173, at *23 (D. Del. Sept. 30, 2005).

The pleading deficiencies from the original Complaint remain in the Amended Complaint. Childcraft concedes that the License Agreement continues in effect and is being honored at this time. No allegations concerning how the specific terms of the Licensing Agreement were allegedly breached are pled in either version of the Complaint. Childcraft argues that its complaint is "well within" the liberal pleading standard for a breach of contract claim and maintains that it has given "Defendants notice of its breach of contract claim and the facts that this claim is based on." The only allegation concerning the alleged breach states: "Alice's Home/William Wedd breached the License Agreement by marketing, offering for sale, selling and manufacturing the Extra Wide Language Easel, Model A116." D.I. 21 ¶18. Childcraft concedes that bald assertions or legal conclusions are insufficient to state a claim and argues that its breach of contract claim "is based on the simple facts needed to provide Defendants with notice of the claims pending against them." D.I. 27 at 20. However, Childcraft nowhere identifies the "simple facts" that would provide notice to Alice's Home as to how it is alleged to have breached the Licensing Agreement. The fact that Alice's Home sells and manufactures dozens of similar easels is not sufficient to support a claim for breach because the agreement is limited to the A116 easel. Thus Alice's Home has no "notice" as to how it has allegedly breached the Licensing Agreement.

The pleading requirement for a breach of contract claim requires at least some non-conclusory factual allegations concerning how the contract was breached. For

instance, in dismissing a breach of contract claim, the District Court for the Southern

District of New York noted:

> [I]t might also be read as attempting to allege a breach of contract action against the defendants. If that is the case, dismissal of the complaint is still warranted because plaintiff has failed to meet the most minimal pleading requirements. One cannot discern from the complaint … *how the contract was breached, or any other details that might put the defendants on notice of the claim against them.*

*Hardin v. Dupont Scandanavia*, 731 F. Supp. 1202, 1205 (S.D.N.Y. 1990) (emphasis

added). Similarly, the Court of Appeals for the First Circuit has noted:

> In the precincts patrolled by Rule 12(b)(6), the demands on the pleader are minimal. . . the court must accept the well-pleaded factual averments of the [] complaint as true, and construe these facts in the light most flattering to the [plaintiff's] cause . . . exempt[ing], of course, those "facts" which have since been conclusively contradicted by [plaintiff's] concessions or otherwise, and likewise eschew[ing] any reliance on bald assertions, unsupportable conclusions, and "opprobrious epithets." A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief. Nevertheless, *minimal requirements are not tantamount to nonexistent requirements.* The threshold may be low, but it is real--and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal. In this case, the plaintiff pleaded no facts adequate to entitle him to offer evidence in support of his (entirely conclusory) assertions. And we need neither reinvent the wheel nor tarry long over his claims to the contrary. . . .
>
> That there was no breach of the Contract was crystal clear from the papers in the case and necessitates no extraneous comment. As to appellant's remaining statements of claim, two minor asides seem appropriate.
>
> As to Count II, plaintiff seems to have shifted his approach. . . . Modern notions of "notice pleading" notwithstanding,

> a plaintiff, we think, is nonetheless required to set forth
> factual allegations, either direct or inferential, respecting
> each material element necessary to sustain recovery under
> some actionable legal theory. We agree with the Seventh
> Circuit that if the facts narrated by the plaintiff "do not at
> least outline or adumbrate" a viable claim, his complaint
> cannot pass Rule 12(b)(6) muster.

*Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 -15 (1st Cir. 1988). Childcraft's claim for

breach of contract still fails to meet even this minimal burden. Mere assertion of words

concluding that there is a contract and there is a breach are simply not enough to state a

claim upon which relief may be granted.[2]

The Court is required to accept as true only the "well-pleaded" allegations

of the Amended Complaint. There are none as they concern the breach of contract claim

other than the vague, unsubstantiated allegation that there has been a breach, not even the

how or when of the alleged breach. The court is simply not required to accept

unwarranted inferences and unsupported conclusions. The presence of mere words and

bald assertions are not enough. This claim, therefore, should be dismissed as a matter of

law.

Venue and jurisdiction in Delaware are premised entirely on Childcraft's

ability to plead a claim under the License Agreement which would invoke the forum

selection clause. Since Childcraft submits nothing more than conclusory allegations that

there has been a breach, there is no basis for maintaining venue in Delaware. Without an

adequately pled claim for breach of the License Agreement, after two attempts, the action

---

[2]    The absence of any *facts* is not surprising because any claim that Alice's Home
has breached by marketing and selling the A116 is simply false. The affidavit of
William Wedd establishes without question that Alice's Home has not marketed,
offered for sale, sold, or manufactured the A116 at any time between 1998 and the
present. William E. Wedd Affidavit II, D.I. 26 ¶¶ 2-7, Exs. A-K.

should be dismissed in its entirety. Alternatively, this action should be stayed pending a decision on the merits in the Ohio action to determine whether a present justiciable controversy exists with respect to the License Agreement.

> B.   Childcraft Has No Claim For Unjust Enrichment Because It Alleges That A Contract Was Breached And There Is No Claim Stated For Breach Of The License Agreement.

Childcraft argues that its unjust enrichment claim is an alternative theory of recovery if the License Agreement is "questioned." D.I. 27 at 20. However, this argument ignores that the claim does not lie if there is a contract which controls the duties between the parties. "Unjust enrichment operates in the absence of an express contract." *E.g., Delicom Sweet Goods v. Mt. Perry Foods, Inc.*, 2005 WL 525185, at *4 (Ohio App. 5th Dist.) (holding that trial court properly granted summary judgment as to the claim for unjust enrichment where an express contract existed between the parties). Here, Childcraft specifically alleges that the License Agreement controls the relationship and Defendants do not dispute the existence of the contract or that it governs the parties' relationship. Accordingly, the unjust enrichment claim should be dismissed.

Moreover, here there is no basis for pleading in the alternative. If Childcraft fails to state a claim under the Licensing Agreement, then the forum selection clause is not invoked. Without resort to the forum selection clause, the issue of whether this alternative claim exists is moot because the case must be dismissed for lack of jurisdiction and improper venue.

C.    Childcraft's    Claim    For    Trade    Secret
Misappropriation and Unjust Enrichment Do Not
Arises From Or Out Of The License Agreement.

Neither Plaintiff's misappropriation of trades secrets claim, nor its unjust

enrichment claims arises under the Licensing Agreement.  On the basis of the facts plead,

these claims arise out of Ms. Wedd's employment at Childcraft, not the Licensing

Agreement.

Childcraft alleges a claim for misappropriation of trade secrets under

Delaware statutory law for allegedly misappropriating Childcraft's customer lists and

pricing information which Ms. Wedd purportedly obtained as an employee of Childcraft.

*See* D.I. 21 ¶¶ 9, 14-16, 22.  This claim therefore arises solely by Delaware statute and

Ms. Wedd's (a non-party's) purported conduct as an employee of Childcraft.  It does not

"arise out of and is not "in connection with" the License Agreement.

Moreover, there is no factual basis for Childcraft's claim under the

Licensing Agreement.   Childcraft alleges "Alice's Home/William Wedd promised

Childcraft an exclusive product to market and sell, but Defendants instead used the

benefits of the [Licensing Agreement] to gain access to Childcraft's trade secrets."  D.I.

27 at 19.   Under the plain terms of the Licensing Agreement, however, it was Alice's

Home who provided the trade secret information to Childcraft in the form of a license,

not the other way around.  Childcraft does not claim that any of the Defendants obtained

trade secret information under the Licensing Agreement.   The only "benefits of the

agreement" for Alice's Home were royalty payments, not trade secrets.

Finally, in the event that Delaware law is applicable, Childcraft's unjust

enrichment claim is displaced by the Delaware Uniform Trade Secrets act.  6 *Del. C.*

9.

§ 2007.  As the Delaware Supreme Court noted in *Savor, Inc. v. RMA Corp.*, 812 A.2d 894, 898 (Del. 2002), a claim is only exempted from this provision if it is "not based on misappropriation of trade secrets."  Childcraft specifically alleges "Defendants were unjustly enriched and personally benefited from the misappropriation of Childcraft's trade secrets."  D.I. 21 ¶ 25.  *See also* D.I. 21 at 9, 14, 15, 16.  Although Childcraft blithely states that Childcraft's unjust enrichment claim is "based on other wrongful actions that Defendants committed" (D.I. 27), it fails to identify such "other wrongful actions" much less specify where they are pled in the Amended Complaint.  Like the common law claims in *Savor*, Childcraft's unjust enrichment claim is barred by the Delaware Uniform Trade Secrets act.

Nor does the unjust enrichment claim arise from the License Agreement. It arises out Ms. Wedd's alleged conduct as an employee of Childcraft and based on equitable principles of common law.[3]  Indeed, Childcraft sepcifically alleges that Ms. Wedd obtained Childcraft's trade secrets as an employee of Childcraft.  D.I. 21 ¶ 9 ("As a sales representative, Ms. Wedd had access to and did access Childcraft's trade secrets, including customer lists and pricing information").  Childcraft also alleges that the trade secrets were obtained "under circumstances giving rise to a duty to maintain their secrecy or limit their use."  D.I. 21 ¶ 14.  The only circumstances that could potentially give rise to such a duty would be Ms. Wedd's employment relationship with Childcraft.

Childcraft's misappropriation of trade secrets and unjust enrichment claims arise out of Ms. Wedd's employment with Childcraft and Delaware statute and

---

[3]    Based on its citations, Childcraft incorrectly assumes that this claim also arises under Delaware law. *See* D.I. 27 at 20-21.

10.

common law.  They do not arise out of the Licensing Agreement.  The License

Agreement and its choice of law and forum selection provisions are, therefore, not

applicable to these claims.  Childcraft therefore fails to state a claim under the Delaware

Uniform Trade Secrets Act or for unjust enrichment.

II.    THE  AMENDED  COMPLAINT  SHOULD  BE
       DISMISSED BECAUSE VENUE IS IMPROPER DUE
       TO  AN  UNREASONABLE  FORUM  SELECTION
       CLAUSE  AND  THERE  IS  OTHERWISE  NO
       PERSONAL JURISDICTION OVER ALICE'S HOME.

       The License Agreement's forum selection clause is unreasonable under

the circumstances of this case and the underlying contract.  Childcraft offers little in

response to refute the totally unreasonable nature and result from applying the forum

selection clause *in this particular case*.

       In assessing whether a forum selection clause is unreasonable, courts have

looked to "(1) which law controls the contractual dispute; (2) what residency do the

parties maintain; (3) where the contract was executed; (4) where are the witnesses and

parties to the litigation located; and (5) whether the forum's designated location is

inconvenient to the parties."  *Preferred Capital, Inc. v. Sarasota Kennel Club*, 2005 WL

1799900, at *4 (N.D. Ohio July 27, 2005).

       Venue in Delaware is unreasonable under these factors.  Even if Delaware

law controled Childcraft's claim for breach of contract based on the choice of law

provision in the License Agreement,[4] the association with Delaware would end there.  As

---

[4]    Delaware law does not apply to the breach of contact claim as the relationship
       between the parties has no connection to Delaware and the License Agreement's
       choice of law provision is therefore unenforceable.  *See Kreider v. Schumacher &
       Co.*, 816 F. Supp. 957, 960 (D. Del. 1993); *Falcon Tankers, Inc. v. Litton Sys.,
       Inc.*, 300 A.2d 231, 235 (Del. Super. Ct. 1972) (choice of law provision is
                                                            (Continued . . .)

explained above, Childcraft's misappropriation of trade secrets and unjust enrichment claims are not controlled by the choice of law provision, and therefore are not governed by Delaware law.

Childcraft is a New York corporation with a principal place of business in Pennsylvania which conducts business in Ohio. All defendants are Ohio residents as is James Green, Alice Wedd's immediate direct supervisor who terminated her employment with Childcraft.

The contract was negotiated, drafted, executed, and implemented between Ms. Wedd and her employer, Childcraft, in Ohio. Ms. Wedd, who was not represented by counsel during the negotiations of the Licensing Agreement, specifically expressed concern about the forum selection clause. Childcraft's president falsely told her that it was a mere formality and was necessary simply because "that is where business lawsuits are filed." D.I. 18 (Alice Wedd Aff.) ¶ 18.

All of the alleged conduct occurred in Ohio, where most, if not all, witnesses are also located.

A Delaware forum may not be inconvenient to Childcraft, a company with over $100 million in annual revenues and ample resources, but it is inconvenient to the defendants: an individual sole proprietor who does business out of his home. *See* D.I. 18 ¶¶ 17, 1[9]; D.I. 17 ¶¶ 21-22. Venue in Delaware is also inconvenient given the time and expense, not to mention impracticality, of transporting witnesses and the parties from in and around Ohio to Delaware.

---

(. . . continued)
enforceable only if the selected jurisdiction "has a material connection with" the transaction).

12.

There is no connection between this action and Delaware other than the forum selection clause that was procured through a false representation. Litigating this action in Delaware will effectively prevent the Defendants from having their case decided on the merits due to the costs. D.I. 18 ¶ 1[9]; D.I. 17 ¶ 22. Courts have declined to enforce forum selection clauses negotiated between an employee and an employer and when the employee does not have the financial ability to litigate in the forum specified in the forum selection clause. *See Jelich v. Warner Brothers, Inc.*, 1996 WL 209973 (S.D.N.Y. 1996); *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991); *Easds v. Woodsmen of the World Life Ins. Soc.*, 785 P.2d 328, 331 (Okla. App. 1989). This Court should do the same in this case.

III.    THE    AMENDED    COMPLAINT    SHOULD    BE
        DISMISSED PURSUANT TO RULES 12(B)(7) AND 19.

Plaintiff acknowledges in its answering brief that the Court engages in a two-step inquiry under Rule 19. Because Ms. Wedd is "necessary" under Rule 19(a) and because the factors set forth in Rule 19(b) indicate that the action cannot "in equity and good conscience" proceed in her absence, the Amended Complaint should be dismissed.

A.    Ms. Wedd Is A Necessary Party.

Plaintiff does not dispute that if a party's absence results in any of the siutations identified in Rule 19(a), that party is deemed necessary. In its answering brief, Plaintiff asks this Court to simply ignore the fact that its original complaint recognized that Ms. Wedd is a necessary party – notwithstanding the fact that there was and is no basis for asserting personal jurisdiction over her in Delaware. That joinder of Ms. Wedd is required by Rule 19(a) is evident from the allegations regarding Ms. Wedd's purported

13.

role in Plaintiff's claims and the three counts for relief.[5]

Notwithstanding its concessions, Plaintiff argues that Ms. Wedd is just "like any other witness" and that despite its contention that "Ms. Wedd was the one to divulge" the information, she is "not necessary to seek relief on Childcraft's misappropriation of trade secrets and unjust enrichment claims." D.I. 27 at 14-15. The absence of any authority to support its *ipse dixit* argument is not suprising because the law is to the contrary. *See, e.g., Homeamerican Credit, Inc. v. Vermillion,* 1997 WL 793047 (E.D. Pa. Dec. 10, 1997).

In *Homeamerican,* defendant Vermillion had provided consulting services and conducted seminars for plaintiff, including for two if its employees, Rescigno and Mignon. Vermillion induced the two employees to leave, and plaintiff alleged (like Plaintiff here) that the employees had access to and converted trade secrets for the benefit of the defendants. In considering the defendants' motion to dismiss under Rule 19, the court noted that joinder of one of the absent former employees was not possible because joinder woud have destroyed diversity of citizenship.[6] The court rejected the plaintiff's argument that the former employees who had allegedly missapropriated plaintiff's trade secrets were not necessary, noting that the litigation could affect any new employment

---

[5]    Plaintiff originally alleged that Ms. Wedd disclosed Childcraft's trade secrets (identified only as "customer lists and pricing information") to the other two defendants, and that those two defendants knew or had reason to know that the alleged trade secrets were acquired by improper means. D.I. 1 ¶¶ 10, 17, 19-20. Following this alleged wrongdoing, Plaintiff purportedly learned that Alice's Home and William Wedd were selling and manufacturing extra wide easels in supposed breach of the License Agreement (Count One), all of which caused each of the defendants to be unjustly enriched (Count Three). A central element to each of Plaintiff's claims is the alleged conduct of Ms. Wedd, a former employee of Plaintiff who allegedly obtained trade secrets through her employment.

[6]    Here, Plaintiff concedes that the Court lacks jurisdiction over Ms. Wedd.

contracts they had and holding that they had an "interest in the resolution of the charges that they allegedly removed and converted trade secrets." *Id.* at *4. As is true here, the court observed that the conduct of the former employees "will undoubtedly be a central focus of this litigation" and that there was a "reasonable likelihood" that a judgment could not be entered in favor of the plaintiff without a finding that the former employees "were involved in the passing along of confidential information. . . ." *Id.* Similarly, although the court observed that the interests of the absent former employees appeared alligned with those of the defendants, it concluded that the argument that their interests "will be protected in their absence is speculative" and that the former employees could be "saddled with the specter of collateral estoppel or issue preclusion in any subsequent litigation if the case went to a conclusion sought by plaintiff." *Id.* Like the absent employees in *Homeamerican,* Ms. Wedd is clearly a necessary party.

> B.    "In Equity and Good Conscience" This Action
> Should Not Proceed In The Absence of Ms. Wedd.

Not only is Ms. Wedd necessary under Rule 19(a), but in equity and good conscience this action should not proceed against the remaining defendants in her absence. Plaintiff does not seriously contest that a judgment in favor of Plaintiff in the absence of Ms. Wedd would encourage piecemeal litigation requiring Plaintiff to re-litigate the same (and additional) issues in the Ohio action in which Ms. Wedd is a party.

As a practical matter, however, her ability to litigate these claims may be negatively impacted by any declaration in favor of Plaintiff. As such, the first factor weighs in favor of dismissal.[7] Nor are there any apparent ways in which protective

---

[7]    As the Third Circuit has explained, "[t]he first factor under Rule 19(b) overlaps
(Continued . . .)

provisions in the judgment or other measures (the second factor under Rule 19(b)) can lessen or avoid the prejudice.  Because Plaintiff seeks, among other things, to impose liability for misappropriation against all of the defendants, based upon Ms. Wedd's conduct as an employee, it will not be possible to lessen or avoid the prejudice to Ms. Wedd of a ruling in favor of Plaintiff.  Accordingly, for the same reasons that Ms. Wedd is a necessary party, the first two Rule 19 factors, prejudice to the absent or remaining parties and the ability to craft an order to lessen any prejudice, clearly favor dismissal.

The third Rule 19(b) factor similarly favors dismissal.  Here, a judgment rendered in the absence of Ms. Wedd will not be adequate because there is not perfect identity of interests between Ms. Wedd and the defendants and "without a perfect identity of interests, a court must be very cautious in concluding that a litigant will serve as a proxy for an absent party." *Tell v. Trustees of Dartmouth College*, 145 F.3d 417 (1st Cir. 1998).  Moreover, it is, at a minimum, unclear whether a judgment could be rendered in favor of Plaintiff without finding that Ms. Wedd was involved in passing along confidential information.  *See Homeamerican,* 1997 WL 793047, at *4.

The fourth factor, the availability of a remedy if the action is dismissed, "weighs strongly in favor of indispensability." *Id.* at *6.  Here, Plaintiff does not even attempt to dispute that it has an adequate remedy if this case is dismissed.  Plaintiff can file its claims in state court in Ohio, where prior-filed litigation involving some of the parties is pending.  Indeed, "this action is essentially a tort and breach of contract action, which is highly appropriate for a state forum." *Id.  Cf. also Torrington Co. v. Yost,* 139

_____

(. . . continued)
        considerably with the Rule 19(a) analysis." *Gardiner v. Virgin Islands Water &*
        *Power Auth.,* 145 F.3d 635, 641 n.4 (3d Cir. 1998).

16.

F.R.D. 91 (D.S.C. 1991) (dismissing trade secrets complaint for failure to name new employer as party).

In equity and good conscience, this action should be dismissed. The dismissal will not leave Plaintiff without a remedy as it is already party to a prior-filed action state court action in Ohio where each of the claims that are at issue here, and additional issues not included in the Amended Complaint, can and are being conveniently and efficiently litigated.

IV.    THE COURT SHOULD STAY THIS ACTION IN FAVOR OF A PRIOR-FILED ACTION PENDING IN STATE COURT IN OHIO.

Plaintiff does not dispute that "the power to stay or dismiss federal proceedings pending resolution of a State court action rests within the sound discretion of the trial court." *Sea Colony Inc. v. Alcan Aluminum Corp.*, 653 F. Supp. 1323, 1326 (D. Del. 1987); *Gilbane Bldg Co. v. Nemours Foundation*, 568 F. Supp. 1085, 1089 (D. Del. 1983). This discretion stems from this Court's inherent power to control its docket and avoid the waste of valuable judicial resources. *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004). A stay is appropriate where (1) parallel state court proceedings exist and (2) exceptional circumstances make abstention appropriate. *See Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). This is such a case.

A.    The Ohio Action and this Delaware Action are Parallel.

A parallel proceeding does not necessarily require the claims be identical, but rather "substantially similar." *Guenveur v. State Farm Mutual Ins. Co.*, 551 F. Supp. 1044, 1046 (D. Del. 1982)). Lawsuits are considered parallel if "substantially the same

17.

parties litigate substantially the same issues in different forums."[8]  *New Beckley Mining Corp v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991).  As this Court has explained, "[i]f the state court has jurisdiction to hear the claims presented in the federal case, this supports a finding of parallelism."  *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 575, 578 (D. Del. 2005).[9]

This action and Ohio state action arise out of the same set of operative facts, and are largely mirror images of each other.  The operative complaints include allegations of misappropriation of trade secrets, unjust enrichment, and breaches of contracts.  Both actions involve an ongoing business relationship concerning a specific product (the A116), followed by an employment relationship involving Alice Wedd between 1995 and 2003.  In the Ohio Action, plaintiff Alice's Home asserts claims against defendant Childcraft for misappropriation of trade secrets, breach of a license agreement, and unjust enrichment.  *See* Ohio First Amend. Comp. ¶¶ 15-17, 25-39.  Similarly, in this action, Plaintiff has asserted claims against defendant, Alice's Home, for misappropriation of trade secrets, breach of a contract, and unjust enrichment.  *See*

---

[8]    In its brief, Plaintiff does not contest that the inclusion of William Wedd as a named defendant in this Action does not affect the finding that the actions involve "substantially the same parties."  Alice's Home is a sole-proprietorship owned by William Wedd; therefore, any claim asserted by or against Alice's Home is de jure, a claim by or against William Wedd.  *See Harleysville Mut. Ins. Co. v. Grzbowski*, 2002 WL 1859193, at *2 (Del. Super. Aug. 9, 2002) (a sole proprietorship is not a distinct legal entity)  Additionally, William Wedd is effectively a party to the Ohio Action and subject to the personal jurisdiction of the Ohio courts.  *See* D.I. 21 ¶ 3 (William Wedd resides at 2784 Shady Ridge Drive, Columbus, Ohio 43231).

[9]    Although Plaintiff relies heavily upon *Sanitec*, Plaintiff fails to mention that the claims at issue in that case were brought under the federal patent laws and the Lanham Act, and could not be adjudicated in the state court proceeding.  *Sanitec Indus.*, 376 F. Supp. 2d at 578 ("because Sanitec Industries is not able to present all its legal claims in state court, the Court concludes that the cases are not parallel.").  There is no such impediment in this case.

D.I. 1 ¶¶ 17-30.  In the Ohio Action, plaintiff, Alice Wedd, has asserted claims against Childcraft based on a breach of an employment agreement between them, *see* Ohio First Amend. Comp. ¶¶ 21-24, and in this action, Plaintiff claims Ms. Wedd, in violation of her duties as an employee, passed confidential information to the defendants.  Because "substantially the same parties" are litigating "substantially the same issues in different forums," these cases are parallel. *See New Beckley*, 946 F.2d at 1073.

> B.    Abstention is Warranted in This Case.

The relevant factors the Court looks to in determining whether to exercise its discretion favor the grant of a stay of proceedings in this case.  Plaintiff also concedes that "none of [the parties] are Delaware residents."  D.I. 27 ¶ 24.  Delaware is an inconvenient forum, and a majority of the witnesses and the proof necessary to litigate this action are located in Ohio, the home of defendant Alice's Home/William Wedd, and Alice Wedd.  *See* D.I. 18 ¶¶ 17, 1[9]; D.I. 17¶¶ 21-22.  Plaintiff concedes that there will be no evidence or witnesses located in Delaware and it is undisputed that Ms. Wedd is not subject to this Court's jurisdiction, all of which militates in favor of the Court exercising its discretion to stay this proceeding.

The desirability of avoiding piecemeal litigation similarly favors the grant of a stay.  Plaintiff concedes that no federal law is implicated here, and both proceedings involve state-law breaches of a license agreement, misappropriation of trade secrets, unjust enrichment and breaches of an employment contract.  As conceded by Plaintiff, moreover, Ms. Wedd cannot be joined in this action.  Accordingly, proceeding here will invariably lead to "piecemeal" litigation with respect to all the claims asserted by and against Alice Wedd.

The Ohio state court proceeding was initiated over six weeks before this Delaware federal action was filed. Although Plaintiff misleadingly claims that the Ohio action is in its "early stages", the defendants in Ohio have answered, extensive informal discovery has already proceeded, written discovery has been served, and responses are due shortly. Witness lists also have been filed, depositions requested and the case is half way through the court-assigned one-year track. These undisputed facts all favor the Court exercising its discretion to stay this proceeding.

The Ohio state court will protect the rights of all the parties because it can exercise jurisdiction over all the parties, which this Court cannot. Plaintiff's arguments to the contrary are premised solely upon the specious claim that Delaware law applies, and that the Ohio state court is incapable of applying Delaware law. Because there is no connection among the parties, their dispute and Delaware, Delaware law will not apply. *See Kreider*, 816 F. Supp. at 960; *Falcon Tankers,* 300 A.2d at 235 (choice of law provision is enforceable only if the selected jurisdiction "has a material connection with" the transaction); s*ee also Gilbane*, 568 F. Supp. 1085, 1091 (D. Del. 1983) ("if the parallel state-court action is in [a state court and that state court is applying its own state law], then this factor would weigh in favor [of abstention]."). Even if Delaware law did govern, the Ohio court can apply it as it regularly does without imposing the inefficiency of proceedings before two courts.

This action and the prior-filed Ohio state court action are undeniably parallel as they arise out of the same operative facts and involve the application of Ohio law. Because the overwhelming majority of *Colorado River* factors militate in favor of a stay, the Court should exercise its inherent discretionary power to stay this action.

20.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, to stay this action should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL

S. Mark Hurd (#3297)
Jerry C. Harris (#4262)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Defendants

OF COUNSEL:

James P. Connors
Law Offices of James P. Connors
221 South High Street
Columbus, OH  43215

November 14, 2005

492638

CERTIFICATE OF SERVICE

I, S. Mark Hurd, hereby certify that on November 14th, 2005, I electronically

filed DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS, OR,

IN THE ALTERNATIVE, TO STAY, which will send notification of such filing(s) to the

following:

Allen M. Terrell, Jr., Esq.
Kelly E. Farnan, Esq.
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19899

S. Mark Hurd (#3297)