IN THE DISTRICT COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-461-GMS |
| | ) | |
| ALICE'S HOME and WILLIAM WEDD, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AFFIDAVIT OF WILLIAM WEDD

MORRIS, NICHOLS, ARSHT & TUNNELL
S. Mark Hurd (#3297)
Jerry C. Harris (#4262)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Attorneys for Defendants

OF COUNSEL:

James P. Connors
Law Offices of James P. Connors
221 South High Street
Columbus, OH 43215

November 18, 2005

## **BACKGROUND**

On May 16, 2005, Alice Wedd and Alice's Home commenced an action against Childcraft Education Corp. ("Childcraft" or "Plaintiff") and James Green in the Court of Common Pleas, in Franklin County, Ohio, asserting several state law claims against Childcraft and Mr. Green arising out of Ms. Wedd's termination as an employee of Childcraft.

On July 1, 2005, Childcraft commenced this action against Ms. Wedd, William Wedd and Alice's Home. D.I. 1. The original Complaint failed to indicate which product formed the basis for its claim for breach of a Licensing Agreement between Alice's Home and Childcraft.

In response, on September 9, 2005, defendants filed a motion to dismiss or, alternatively, to stay this action. D.I. 15. In support of the motion, the defendants filed the affidavits of Alice Wedd and William Wedd. D.I. 17, 18. Defendants argued, *inter alia*, that the Licensing Agreement only applies to one specific model of Alice's Homes many extra wide language easels and that Childcraft failed even to state that Alice's Home marketed or sold the Model A116 extra wide language easel – the only product that the Licensing Agreement covered and that the Court lacked personal jurisdiction over Alice Wedd.

On September 28, 2005, Childcraft filed a notice of voluntary dismissal of defendant Alice Wedd pursuant to Fed. R. Civ. P. 41(a)(1)(i). D.I. 20.

On October 6, 2005, Childcraft filed an Amended Complaint, presumably to cure its pleading deficiencies. D.I. 21. The Amended Complaint dropped Alice Wedd as a Defendant and added the bald assertion, without factual support, that "Alice's Home/William Wedd were marketing, offering for sale, selling and manufacturing the Extra Wide Language

Easel, Model A116 in violation of Childcraft's exclusive license granted by the License Agreement." D.I . 21 ¶ 10.

On October 7, 2005, although it had mooted the original complaint by filing the Amended Complaint, Childcraft filed an Answering Brief in Opposition to the defendants' motion to dismiss or, alternatively, to stay this action.  D.I. 22.  Childcraft did not file a motion or otherwise object to the affidavits filed in support of the motion to dismiss or stay.

On October 21, 2005, Alice's Home and William Wedd filed another motion to dismiss or stay the action in response to the Amended Complaint.  D.I. 24.  That motion again relied on the originally filed affidavits of Alice Wedd (D.I. 18) and William Wedd (D.I. 17), and also relied on a second affidavit of William Wedd (D.I. 26) (the "Second William Wedd Affidavit") which conclusively establishes that Alice's Home has not breached the License Agreement by selling, marketing, or manufacturing the A116 easel at any time since the agreement was executed on April 1, 1998.  Although it did not seek to strike the Alice Wedd Affidavit or the first William Wedd Affidavit, Childcraft seeks to strike the Second William Wedd Affidavit.

In support of its motion, Childcraft maintains that "the parties have not yet engaged in any discovery."  D.I. 28 at 1.  Although there has been no formal discovery in this second-filed Delaware action, there are in fact extensive outstanding written discovery requests directed to Childcraft which have not yet been answered.  Requests for dates for depositions have also been submitted to Childcraft.  Motion and discovery deadlines are set in early 2006 in the Ohio action, and a trial date has been set in that case for June 28, 2006.

## ARGUMENT

I.    THE SECOND AFFIDAVIT FROM WILLIAM WEDD
      SHOULD NOT BE STRICKEN AND IF CHILDCRAFT IS
      ENTITLED TO ANY ADDITIONAL DISCOVERY IT SHOULD
      BE LIMITED TO WHETHER DEFENDANTS HAVE
      MARKETED, SOLD, OFFERED FOR SALE OR
      MANUFACTURED THE MODEL A116 IN VIOLATION OF
      THE LICENSE AGREEMENT.

Childcraft does not object to either the Alice Wedd Affidavit (D.I. 18) or the First William Wedd Affidavit (D.I. 17) offered in support of either motion to dismiss filed by the defendants, but objects solely to the Second William Wedd Affidavit. Childcraft argues that this particular affidavit, if considered, will leave it "without the ability to present all material facts pertinent to the motion because no discovery has taken place." D.I. 29 at 2. That argument is incorrect for several reasons.

First, jurisdiction and venue are premised solely on the forum selection clause in the Licensing Agreement. To survive the motion to dismiss, Plaintiff must have an evidentiary basis for its legal conclusion that the defendants have sold or marketed the A116 and, because this case is premised upon diversity of citizenship, must have an evidentiary basis to allege that improper sales of the A116 exceed the minimal amount in controversy for diversity jurisdiction. Nor did Childcraft submit a Rule 56(f) affidavit setting forth reasons why it cannot present *any* facts to justify its opposition. Thus, Childcraft has not averred facts creating a genuine issue of material fact regarding whether there has been breach of the License Agreement. Absent the necessary predicate allegations stating a claim for breach of the Licensing Agreement, the forum selection clause does not apply and this action must be dismissed.

Second, discovery is indeed underway in the appropriate venue for this action -- Ohio. In fact, the discovery cutoff is set for March 6, 2006 in that action. Written discovery

responses are due next week from Childcraft including several which directly relate to the breach of the Licensing Agreement issue.

Third, the Second William Wedd Affidavit attaches as exhibits all of Alice's Home's records, including brochures, catalogs, and invoices, which demonstrate that Alice's Home has not breached the Licensing Agreement because it has not sold, marketed, or manufactured the A116 easel. D.I. 26. Thus, Childcraft's concern that it will be deprived of discovery has been mooted by this voluntary production of all of Alice's Home records for all its products marketed, sold, and manufactured between 1998 through the present.

Finally, Childcraft's motion is similar to its pleading as it fails to articulate what, if any, additional discovery is necessary to be produced on the issue, or even whether it needs any additional discovery to refute the allegations of the Second William Wedd Affidavit. Childcraft must state, at a minimum, what discovery it needs that it has not already been provided. If it does not seek any additional discovery, the court should simply decide the motion to dismiss without further delay, on the merits.

Defendants' voluntary production of all of Alice's Home records for all its products marketed, sold, and manufactured between 1998 through the present in the form of the Second William Wedd Affidavit distinguishes this case from both *Ospina v. Dept of Corrections*, 749 F. Supp. 572, 574 (D. Del. 1990) and *Soliman v. Taylor*, 2005 U.S. Dist. LEXIS 22173, at *25 (D. Del. Sept. 30, 2005). In both cases, the Court excluded the affidavits because the parties were in "no position to present all material pertinent to the motion." Here, defendants have produced evidence to put the parties in the position to present all material pertinent to the issue

of whether Alice's Home has breached the Licensing Agreement, and Childcraft has failed to state what, if any, additional discovery it needs to join issue on this pivot point in this litigation.[1]

Childcraft inexplicably seeks to delay the litigation rather than reach the merits of the most important issue in this case – whether defendants have marketed, sold, offered for sale, or manufactured the Model A116 in violation of the Licensing Agreement. Just as it refuses to identify any facts supporting its conclusory claim that defendants marketed, sold, offered for sale or manufactured the Model A116 Extra Wide Language Easel, Childcraft has obstructed defendants' inquiry into the basis for this claim in Ohio. On November 17, 2005, it filed a motion in the Ohio action to delay the discovery due next week which, among other things, seeks to determine the factual basis for Childcraft's contention that Alice's Home has marketed, sold, offered for sale or manufactured the Model A116 Extra Wide Language Easel and what evidence exists to support this conclusory, unsubstantiated allegation.

This Court should reach the merits of the pending motion to dismiss this action with or without the Second William Wedd Affidavit, and dismiss the action in its entirety. If the Court determines that discovery is appropriate, any discovery, beyond what has already been provided should be limited to the issue of whether defendants marketed, sold, offered for sale or manufactured the Model A116 Extra Wide Language Easel in violation of the License Agreement.

---

[1]     Moreover, as the Court observed in *Soliman*, it is the plaintiff's obligation to plead sufficient facts "to determine that the complaint is not frivolous. . . ." 2005 U.S. Dist. LEXIS 22173, at *23.

## **CONCLUSION**

For the foregoing reasons, Childcraft's motion to strike should be denied, and the case dismissed on the merits.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
S. Mark Hurd (#3297)
Jerry C. Harris (#4262)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendants

OF COUNSEL:

James P. Connors
Law Offices of James P. Connors
221 South High Street
Columbus, OH 43215

November 18, 2005

493632