**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHILDCRAFT EDUCATION CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 05-461-GMS <br> ) |
| ALICE'S HOME, *et al*., | ) <br> ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION TO STRIKE AFFIDAVIT OF WILLIAM WEDD</u>**

**EDWARDS ANGELL PALMER & DODGE LLP**
John L. Reed (Del. No. 3023)
Mark D. Olivere (Del. No. 4291)
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263 (fax)
jreed@eapdlaw.com
molivere@eapdlaw.com

**OF COUNSEL:**

Mark S. Floyd
Christopher R. Johnson
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
216.566.5500

*Counsel for Plaintiff*
Dated: November 28, 2005                *Childcraft Education Corporation*

## **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ............................................................................................................1

ARGUMENT ....................................................................................................................1

CONCLUSION .................................................................................................................3

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*,
 709 F.2d 190 (3d Cir. 1983)..................................................................................1

*Morse v. Lower Merion Sch. Dist.*,
 132 F.3d 902 (3d Cir. 1997)..................................................................................2

*Ospina v. Dept. of Corrections*,
 749 F. Supp. 572 (D. Del. 1990) .......................................................................3, 4

*Soliman v. Taylor*,
 2005 U.S. Dist. LEXIS 22173 (D. Del. Sept. 30, 2005) ..............................................3

*In re Wayfarin Sodium Antitrust* Litigation,
 214 F.3d 395 (3d Cir. 2000) ..................................................................................2

### **FEDERAL STATUTES AND RULES**

Fed. R. Civ. P. 12(b) ..................................................................................................2

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 2

Fed. R. Civ. P. 56(f)...................................................................................................2

## INTRODUCTION

Defendants' Memorandum in Opposition to Childcraft Education Corporation's ("Childcraft") Motion to Strike the Affidavit of William Wedd misses its mark. It is premised on two arguments: (1) that the affidavit is somehow relevant to the enforceability of the forum selection clause at issue in this case; and (2) that the affidavit is relevant to that portion of Defendants' motion to dismiss premised on Fed. R. Civ. P. 12(b)(6). Defendants, Alice's Home and William Wedd, are wrong on both counts. The affidavit is wholly irrelevant to the enforceability of the forum selection clause, and by the express terms of Fed. R. Civ. P. 12(b)(6), it is outside the scope of what the court can consider in ruling on that motion.

## ARGUMENT

Defendants' argument that William Wedd's allegations in his affidavit are somehow relevant to the enforceability of the forum selection clause is wrong. The strengths or weaknesses of Childcraft's underlying claims have no bearing on whether the forum selection clause is enforceable. Rather, forum selection clauses are presumed valid and enforceable unless the objecting party establishes (1) that the clause is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

Except for claiming that litigating in Delaware would cause him some financial hardship, the allegations in Mr. Wedd's affidavit do not touch on *any* facts that support his assertion that the forum selection clause is unenforceable. Therefore, Defendants'

claim that Mr. Wedd's affidavit is relevant to the enforceability of the forum selection clause is incorrect.

Likewise, Defendants' assertion that Mr. Wedd's affidavit is relevant to that portion of its motion to dismiss premised on Fed. R. Civ. P. 12(b)(6) is incorrect. As recognized by Defendants in their Opening Brief in Support of their Motion to Dismiss (D.25), facts outside the complaint are irrelevant to the merits of a claim challenged by a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the well pled allegations in the complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff. *E.g., Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). In deciding Defendants' motion to dismiss under Rule 12(b)(6), the Court may *not* consider facts outside the pleadings. *See In re Warfarin Sodium Antitrust Litigation*, 214 F.3d 395, 398 (3d Cir. 2000) (reversing trial court's decision to grant motion to dismiss under Rule 12(b)(6) because trial court "impermissibly cited and ruled on facts beyond the corners of the complaint"). Therefore, Mr. Wedd's affidavit is irrelevant to the motion to dismiss.

To the extent Defendants argue that their Rule 12(b)(6) motion to dismiss has now been turned into a Rule 56 motion for summary judgment and that a Rule 56(f) affidavit from Childcraft was necessary, they are wrong. In order for a 12(b)(6) motion to be treated as one for summary judgment, all parties must be given notice of the Court's decision to so treat the motion. Fed. R. Civ. P. 12(b). No such notice has been given in this case.

Defendants' attempt to distinguish this case from *Ospina v. Dept. of Corrections*, 749 F. Supp. 572, 574 (D. Del. 1990) (Roth, J.), is misguided.  Their presumptuous claim that their voluntary production of allegedly all of Alice's Homes' sales records somehow moots Childcraft's need for discovery in this case is absurd.  It is not Defendants' decision as to what records or other information are relevant to Childcraft's claims, and Defendants' assumption that the scope of Childcraft's discovery in this case will be limited to the records produced by Defendants is wrong.  Likewise, their claim that their discovery requests in the separate Ohio action are somehow relevant to this case is incorrect.  In the Ohio action, Childcraft has made no claim against Defendants, and so Defendants' decision in Ohio to seek "to determine the factual basis for Childcraft's contention has" breached the License Agreement is premature, irrelevant to that case, and has no bearing on this case.

Thus, for the reasons stated above and in the Memorandum in Support of Plaintiff's Motion to Strike Affidavit of William Wedd, and contrary to Defendants' contention, this case is similar to *Ospina* and *Soliman v. Taylor*, 2005 U.S. Dist. LEXIS 22173 (D. Del. Sept. 30, 2005) (Sleet, J.), and like those cases, Mr. Wedd's affidavit should not be considered; rather, it should be stricken.

## CONCLUSION

For all the foregoing reasons, Childcraft respectfully requests that the Court strike the affidavit of William Wedd.

| | |
|---|---|
| Dated: November 28, 2005 | **EDWARDS ANGELL PALMER & DODGE LLP** |

          /s/ *John L. Reed*
John L. Reed (Del. No. 3023)
Mark D. Olivere (Del. No. 4291)
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263 (fax)
jreed@eapdlaw.com
molivere@eapdlaw.com

**OF COUNSEL:**

Mark S. Floyd
Christopher R. Johnson
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
216.566.5500

*Counsel for Plaintiff*
*Childcraft Education Corporation*